34 So.2d 203

**TYLER v. BROWN–SERVICE FUNERAL HOMES CO.**

6 Div. 585.

Supreme Court of Alabama.

Feb. 26, 1948.

Gibson & Hewitt, of Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville, of Birmingham, for appellee.

**LIVINGSTON, Justice.**

The single count of the complaint is in words and figures as follows: "The plaintiff claims of the defendant the sum of Five Thousand Dollars ($5,000.00), as damages, for that heretofore, on, towit, January 21, 1946, the defendant was in the business of operating ambulances in Jefferson County, Alabama, for hire or reward, which said ambulances were being used and operated for the purpose of transporting sick and injured people from hospitals to their homes, and from their homes to the hospitals. Plaintiff further avers that on said date, as aforesaid, her husband, Fred B. Tyler, was seriously ill at the Hillman Hospital, in Birmingham, Jefferson County, Alabama, and at said time and place aforesaid the defendant's agents, servants or employees, while acting within the line and scope of their employment as such, undertook to transport plaintiff's husband, Fred B. Tyler, without plaintiff's consent from the said Hillman Hospital, as aforesaid, to the home of plaintiff and the said Fred B. Tyler, approximately three miles northeast of Huffman, on the old Springville Highway, in Jefferson County, Alabama. Plaintiff further avers that when the defendant's agents, servants or employees, while acting within the line and scope of their employment as such arrived with plaintiff's husband, Fred B. Tyler, at the said home of the said plaintiff and the said Fred B. Tyler, as aforesaid, said home was unoccupied, and not heated and at said time and place aforesaid, the defendant's agents, servants or employees, while acting within the line and scope of their employment as such, negligently left plaintiff's husband, who was seriously ill, in said home, where he was unattended, and was not provided with sufficient warmth to keep him from being cold. Plaintiff avers that, towit, several hours after the defendant's agents, servants or employees, while acting within the line and scope of their employment as such, negligently left her said husband, Fred B. Tyler, unattended in said home, which was not heated, she went to the said home and found her said husband, Fred B. Tyler, unattended in a cold and almost freezing condition, and plaintiff avers that, as a proximate consequence thereof, she suffered great mental anguish. Plaintiff avers that her said mental anguish was proximately caused by the negligence of the defendant's agents, servants or employees, while acting within the line and scope of their employment as such, in that the said defendant's agents, servants or employees as aforesaid, negligently left her said husband Fred B. Tyler in their said home, unattended, which said home was not heated, all to her great damages, as aforesaid."

Demurrer was sustained to count A. Appellant took a non-suit, and appealed to this Court. The only question presented is the sufficiency of count A, above.

 Citation of authority is unnecessary in support of the well known rule that, in passing upon the sufficiency of pleadings, they must be construed most strongly against the pleader.

Obviously, count A is not grounded upon the homicide act, section 123, Title 7, Code of 1940, because the death of appellant's husband is not shown, nor is the suit by a personal representative. It is equally clear that it is not founded on contract, for there is no attempt to allege the existence of such relationship between the parties to this action. All that can be said of count A is that it seeks damages for the mental suffering of appellant, arising from the alleged negligent conduct of appellee in leaving her sick husband unattended in an unheated house. Count A does not allege the breach of a duty owing to the husband. For aught appearing, the duties performed for the husband were performed in exact accordance with the wishes and instructions of the husband: he being fully competent to so direct or instruct. A breach of duty to the husband would not authorize the recovery of the damages here sought. In Hill v. Reaves, et al., 224 Ala. 205, 139 So. 263, it was held:

"It is familiar law that to constitute actionable negligence there must be a duty to the person injured, or to a class of persons to which the plaintiff belonged, and a breach of the duty, proximately resulting in the injury. Tennessee Coal, Iron & R. Co. v. Smith, 171 Ala. 251, 55 So. 170; Southern Railway Co. v. Williams, 143 Ala. [212], 217, 38 So. 1013, 1014; Sloss-Sheffield Steel & Iron Co. v. Hubbard, 14 Ala.App. 139, 68 So. 571.

"It is not enough that the defendant owes a duty to some other person or persons, if the duty does not run to the plaintiff. Tennessee Coal, Iron & R. Co. v. Smith, supra."

The authorities cited by appellant are distinguishable, and do not support the contention here made. Count A does not state a cause of action.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.