295 P.2d 850

**G. MATSUMATO and Smizuyo Matsumato,**
**Appellants,**

**v.**

**ARIZONA SAND AND ROCK COMPANY,**
a corporation, Appellees.

No. 6029.

Supreme Court of Arizona.

April 3, 1956.

Rehearing Denied May 1, 1956.

Johnson & Shelley, Mesa, for appellant.

Snell & Wilmer, by James H. O'Connor, Phoenix, for appellee.

PHELPS, Justice.

This is an appeal from a judgment entered upon an instructed verdict in favor of defendant in an action brought by the Matsumatos to recover damages for an injury sustained by Shizuyo Matsumato which was alleged to have been caused by the negligence of the defendant.

Plaintiffs' complaint alleged that on or about June 30, 1952, defendant was causing several large trucks operated by agents or employees of defendant to haul gravel and rocks past Merrill's Store which plaintiffs were then operating on North Country Club Drive located north of the city of Mesa. It is further alleged that defendant, through its agents and employees acting within the scope of their employment, caused said trucks to be loaded in such a negligent, careless, wanton and reckless manner that the said gravel and rocks spilled and fell from said trucks on to the roadway of said North Country Club Drive and particularly in front of Merrill's Store operated by plaintiffs; that plaintiff Shizuyo Matsumato was working therein when a truck ran over a stone which was thrown from the road into the store striking her on her leg with great force and violence, severely and permanently injuring the same.

On appeal from a judgment on a directed verdict for defendant conflicting evidence must be viewed in a light most favorable to plaintiff. Nichols v. City of Phoenix, 68 Ariz. 124, 202 P.2d 201. The evidence showed that prior to the month of June, 1952, North Country Club Drive in front of plaintiffs' store, and from a point north of the bed of the Salt River to the city limits of Mesa, had been recently theretofore widened and improved, and at the time of the accident was a wide, smooth pavement.

A short distance north of the plaintiffs' store, located in the bed of the Salt River, are large deposits of sand, river rock and gravel which constituted the source from which material for road improvement work near Chandler, being conducted by defendant, was taken. On the 17th day of June, 1952, and thereafter defendant secured from said river bed what is known as "river run gravel" in large quantities for use on said road construction job. By "river run gravel" is meant material as found in the river bed, including sand, gravel and river rock or boulders. It was this kind of material that defendant was causing to be hauled to the road construction site during the time here involved, to provide the first or bottom layer of the road bed. The James A. Bond Trucking Company had contracted with defendant to haul this material from the river bed to the site of the road construction work and, according to evidence given by defendant's witnesses, was operating as an independent contractor in doing so.

The trucks were all loaded by defendant. The equipment it was using in the river for the purpose of loading the trucks was owned by it and operated entirely by its employees. The truckers themselves had nothing to do with the loading except that, according to the testimony of defendant's witnesses, the truck drivers indicated the amount they desired to have loaded on their trucks. Defendant had employed on this job men whose duty it was to brush off excess rocks from loaded trucks. The evidence indicates that for some time prior to the time defendant began its operations the roadway along North Country Club Drive had been free and clear of rocks and gravel. According to the evidence, soon after the commencement of this operation considerable amounts of rock were scattered along the road creating a hazardous condition.

On the morning of June 30, 1952, an unidentified truck hit a rock about the size of a large orange lying on the road in front of the Merrill Store and hurled it a distance of approximately 40 feet into the front door of the store where the plaintiff, Mrs. Matsumato, was working, striking her on the leg and causing the injury complained of. She was hospitalized shortly after the accident and again early in the summer of 1954 when an operation was performed upon the injured area. It could be inferred from the evidence that the presence of the rocks which were scattered along the road including the area in front of plaintiffs' store, could be due only to overloading the trucks in the pits.

The evidence further indicates that although other companies, a few Indians, and other individuals occasionally hauled rocks, sand and gravel from the river bed along the highway, the Arizona Sand and Rock Company was the only company that was hauling or causing this type of material to be hauled over the road at that time. It further appears from the evidence that after the Arizona Sand and Rock Company ceased its hauling operations from the river bed the road was gradually cleared of the objectionable material which had been dropped thereon during this period. It was indicated that the situation had become sufficiently hazardous during the period involved that the defendant was causing said material to be hauled for its road construction work that a sheriff's deputy had been sent to warn those engaged in hauling rock and gravel on said road, against the overloading of trucks which would create a dangerous condition on the highway.

At the close of plaintiffs' case, defendant moved for a directed verdict on the grounds that plaintiffs had introduced no evidence to support the allegations of their complaint to the effect that defendant had hauled rocks and gravel past the Merrill Store or caused its trucks to be loaded in a careless, negligent, wanton or reckless manner, or that said rock and gravel had fallen from said trucks on the roadway in front of the Merrill Store; and upon the fur-

ther ground that "there is no evidence that the rock which was thrown or hurled into the plaintiffs' store was caused by a truck operated by defendant." Specifically defendant contends that there is no evidence that defendant negligently loaded the trucks or that they operated them negligently or at all. The court granted defendant contends that there is no evidence evidence was too remote and speculative to establish liability.

■ There is no evidence in the record sustaining the allegation that defendant owned or operated the trucks engaged in hauling the material from the river bed to the site of road construction work. Nor is there any evidence to support the allegation that it was defendant's truck which caused the rock to be hurled into the store striking plaintiff. In our opinion, proof of these allegations is not necessary to sustain a recovery if the material allegations of the complaint are proved. It is undisputed that defendant loaded all trucks hauling material to their road construction work and that it had exclusive control of so doing, except that it was testified that the truck driver advised them when his truck was loaded.

■ The first assignment of error presented is that the trial court erred in directing a verdict in favor of defendant and in ordering judgment on the verdict. It is claimed by plaintiffs that the evidence showed that the defendant had created a dangerous condition on the highway in front of plaintiffs' store by permitting rocks to be scattered thereon caused by its overloading the trucks which were hauling said material; that by reason thereof Mrs. Matsumato was injured when a passing vehicle, the ownership of which is unknown to plaintiff, hurled a rock from the road which had fallen from one of the overloaded trucks, into the store building injuring her leg. Plaintiffs insist that the evidence indicating defendant's responsibility for the dangerous condition of the road was sufficient to require the question of negligence on the part of defendant to be submitted to the jury.

We are of the view that the position of plaintiff is sound. It is stated in Restatement of the Law of Torts, section 414, p. 1120, that:

"One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for bodily harm to others, for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care."

We believe no one would deny that defendant owed a duty to the public generally not to knowingly overload the trucks hauling its material from the river bed to the road construction work to the extent that rocks falling therefrom might create a dangerous or hazardous condition upon the highway. This is true regardless of the

requests or demands of the truck drivers to overload said trucks. The defendant, having the duty to load the trucks, would be responsible for a negligent performance of that duty.

The evidence is clear that these rocks were on the highway directly in front of plaintiffs' store. There is also some evidence negativing the probability that any of the rocks on the highway fell from trucks other than those hauling material for the defendant. Under the circumstances we are of the view that the trial court should have submitted the question of whether the defendant was negligent to the jury; whether in the exercise of reasonable care it should have foreseen an unreasonable risk of harm to plaintiffs or to other persons along such highway similarly situated, as a result of overloading said trucks; and whether the negligence of defendant, if any, was the proximate cause of the injury to Mrs. Matsumato.

■ Under the rule laid down in the case of Palsgraf v. Long Island R. Co., 248 N.Y. 339, 162 N.E. 99, 101, 59 A.L.R. 1253, which we adopted in Tucker v. Collar, 79 Ariz. 141, 285 P.2d 178, we hold that if defendant, in loading the trucks in question, acting as a reasonable person, was able to foresee or should have foreseen an unreasonable risk of harm to plaintiffs or one in plaintiffs' situation as a result of rocks falling from the trucks onto said highway, caused by overloading the same, defendant, under such circumstances, would

be negligent and liable in damages to the person injured as a proximate result of such negligence. West v. Cruz, 75 Ariz. 13, 251 P.2d 311.

■ The trial court, in an action based upon negligence, should never assume the power to determine the fact of negligence where different inferences may be drawn from the evidence or where reasonable men might differ with regard to whether the act complained of constituted actionable negligence. Section 434 Comment (c) of the Restatement of the Law of Torts, p. 1172, has this to say:

"If the evidence is conflicting or, although not contradictory, is open to two or more reasonable inferences as to what actually took place, the case must be left to the jury."

See also Pfeifer v. Standard Gateway Theater, 262 Wis. 229, 55 N.W.2d 29; City of Phoenix v. Weedon, 71 Ariz. 259, 226 P.2d 157.

■ Plaintiffs' second assignment of error is based upon the exclusion of the testimony of LaVon Saline relative to the type of materials Art Zufelt was engaged in hauling over the same highway. We are of the view that the court erred in sustaining the objections to the evidence offered by plaintiffs through the witness Saline. The witness was asked the question:

"Q. Now, were you acquainted with the operation that he (Zufelt) had up

in North Country Club Drive? A. Yes, I was.

"Q. And what was that?"

The objection was sustained to the question after voir dire examination by counsel for the defendant upon the ground that it was not shown that he had sufficient first-hand knowledge of material hauled out of there to render it of any probative value. The witness had testified that he was acquainted with the kind of material that Zufelt handled. It may be that Zufelt was handling exclusively small gravel and crushed material of an entirely different type than that handled by defendant. If he was, plaintiffs were entitled to present that fact to the jury, just the same as a witness would be able to state that he had been in the Matsumato Store and knew that he was engaged in the grocery business and not in the hardware business. We believe it was clearly error to deny plaintiffs the opportunity of presenting this fact to the jury if he knew of it of his own knowledge.

■ The third assignment of error is based upon the ground that the court permitted the defendant to file an amended answer very shortly before the trial of the cause. In the original answer of the defendant it had admitted that the sand and rock being hauled from the pit in question to the site of its road construction was being done by its agents and employees, and in the amended answer denied that they were its agents or employees and alleged that the James A. Bond Trucking Company which was hauling said material was doing so as an independent contractor. Plaintiffs claimed that they had been prevented from making the trucking company a party defendant since they had relied upon the allegations and admissions in the original complaint; that at the time the amendment was granted, the statute of limitations had run against the trucking company and to permit an amendment denying that it was its employee and agent deprived them of a valuable right.

Rule 15(a), section 21-448, A.C.A. 1939, provides that leave to amend shall be freely given when justice so requires. We have repeatedly held that statutes should be liberally construed permitting amendments to pleadings in order that justice may be done. Grounds v. Lawe, 67 Ariz. 176, 193 P.2d 447. We held in Arizona Corporation Commission v. Catalina Foothills Estate, 78 Ariz. 245, 278 P.2d 427, that the same rule of construction is applied to our rules of procedure as is applied to statutes. We think in view of the fact that the plaintiffs had obtained information through the interrogatories submitted by counsel for plaintiffs long before the statute of limitations had run against the trucking company in which interrogatories defendant denied that the material was being hauled by its agents or employees, no injury to plaintiffs resulted by reason of the court's granting defendant's motion to amend.

Judgment reversed and cause remanded to the lower court with directions to grant a new trial.

LA PRADE, C. J., and UDALL, WINDES and STRUCKMEYER, JJ., concur.