Ivy, Appellant, v. Tower Insurance Company, Inc., and another, Respondents.*

*September 12—October 4, 1966.*

* Motion for rehearing denied, without costs, on November 29, 1966.

For the appellant there was a brief and oral argument by *H. R. George* of Milwaukee.

For the respondents there was a brief by *Arnold, Murray & O'Neill* of Milwaukee, and oral argument by *James T. Murray*.

GORDON, J.   The plaintiff offers three principal arguments to convince this court to set aside the verdict of the jury which was upheld by the trial court.  Our review of the record requires that we reject each of these contentions and affirm the judgment.  This opinion will examine each of the appellant's contentions.

### Nonnegligence as a Matter of Law.

The main thrust of this appeal is Mr. Ivy's claim that he was not negligent as a matter of law.  In support of this argument, Mr. Ivy points to the uncontradicted fact that the broken concrete flew suddenly under his foot from the wheels of the backhoe tractor.  The appellant reasons that since the jury found Mr. Haffner negligent in his operation of the backhoe tractor, it must necessarily follow that the plaintiff "did not have a chance to be negligent."

The difficulty with this contention is that it ignores the fact that the jury may have deemed Mr. Ivy's negligence to have occurred *before* the concrete flew from the wheel of the backhoe tractor.  Thus, the plaintiff chose to walk within six feet of the backhoe tractor, and the jury may have deemed this an act of negligence.  This is especially true because Mr. Ivy could have walked to his truck via a safer course; this would have been accomplished by his going around the front of the dump truck.

The defendant suggests that there may also have been negligence on the part of Mr. Ivy in connection with his failure to remove the broken concrete.  However, there is no evidence indicating that Mr. Ivy had a responsibility to remove broken concrete while the backhoe tractor was still on the road.

We conclude that the jury's finding that the plaintiff was negligent is supportable insofar as it could properly have been based on Mr. Ivy's path of travel.  To assess this negligence at 50 percent may seem severe at first

blush. However, the jury may have considered that the defendant's negligence was also slight and, thus, on a comparative basis the jury had a right to treat each of the parties as 50 percent at fault.

### The Emergency Rule Instruction.

As a corollary to his claiming that he had no time to avoid the sudden projection of the concrete block, Mr. Ivy urges that the court should have given him the benefit of the emergency rule. See Wis J I—Civil, Part I, 1015. The trial court, in our opinion, was correct in not giving such an instruction.

The emergency rule provides that a person confronted with an emergency not caused by his own negligence is not at fault if he takes action as an ordinarily prudent person might if placed in the same position, even if it subsequently appears that he did not choose the wisest course. *Schmit v. Sekach* (1966), 29 Wis. (2d) 281, 289, 139 N. W. (2d) 88; *Crossman v. Gipp* (1962), 17 Wis. (2d) 54, 115 N. W. (2d) 547; *Marshall v. Colburn* (1957), 2 Wis. (2d) 149, 85 N. W. (2d) 815.

The emergency rule is designed to benefit a person in regard to his conduct *after* he is confronted by an emergency. Thus, even if we find that Mr. Ivy did not help to create the emergency, he would not be entitled to the aid of the emergency rule because the only negligence which might have been charged against him arose prior to the time that the rock was thrown.

We have previously noted that the evidence of negligence on the part of Mr. Ivy related to his precarious path of travel; it was also argued that he may have been negligent by reason of his failure to have removed the concrete debris. Both factors, however, preceded the flight of the concrete block, and therefore the emergency rule was not involved.

*Violation of Anti-littering Statute.*

Sec. 346.94 (6m), Stats., provides as follows:

"No operator of any vehicle shall permit to be thrown or deposited from such vehicle any type of debris or waste material."

In urging that the defendant violated this statute by permitting the wheel of the backhoe tractor to sling a piece of concrete, the plaintiff is either fairly ingenious or extremely ingenuous. The attempt to apply this anti-littering provision to a tort case is somewhat reminiscent of the old chestnut in which the provisions of the Commercial Code were utilized in a paternity suit: If the "maker" cannot be found, the "accommodation endorser" can be held liable.

*Interests of Justice.*

The plaintiff urges that the assessment of 50 percent of the negligence to him is grossly unfair and that there should be a new trial in the interests of justice. He points to such cases as *Matsumato v. Arizona Sand and Rock Co.* (1956), 80 Ariz. 232, 295 Pac. (2d) 850, and *Schiermeier v. Hoeffken* (1941), 309 Ill. App. 250, 33 N. E. (2d) 147, in each of which an injury resulted from an object being projected from the wheel of a vehicle. These cases demonstrate that a jury question may be presented by such an event, but they do not reach the critical problem of the case at bar: Whether upon this record the jury was entitled to find the plaintiff negligent in an equal degree.

We conclude that the verdict is supportable by the evidence, and we perceive no valid basis for rejecting it or ordering a new trial.

*By the Court.*—Judgment affirmed.