231 So.2d 329

**BIRMINGHAM SLAG DIVISION OF VULCAN MATERIALS COMPANY, Inc.**

v.

**James A. CHANDLER.**

**7 Div. 3.**

Court of Civil Appeals of Alabama.

Jan. 28, 1970.

Gaines & Powers, Talladega, for appellee.

Dixon, Wooten & Boyett, Talladega, Huie, Fernambucq & Stewart, Birmingham, for appellant.

WRIGHT, Judge.

This case comes on appeal from the Circuit Court of Talladega County. The case was tried before a jury and a verdict returned for $2,000 in favor of plaintiff, James A. Chandler, and against defendant, Birmingham Slag Division of Vulcan Materials Company, Inc. The suit was for property damage to plaintiff's automobile, which was being driven by plaintiff's son.

The complaint contained one count alleging negligence by defendant.

The factual situation was that on the night of June 11, 1966, plaintiff's son was returning home on Alabama Highway 93, in Talladega County. At the scene of the accident, Highway 93 is intersected by an unnamed county road leading to appellant's rock quarry, located approximately one mile from the intersection. The evidence indicated that the county road enters Highway 93 on the outside of a curve, with the curve banked prominently at the point of intersection.

The driver was traveling 60 to 65 miles per hour immediately before entering the curve, and as he entered the curve, the car began to skid on gravel and turned over, stopping some sixty feet away. The driver testified that he saw gravel in the road immediately before he began to skid, and after the accident saw fine gravel covering the highway on the side he had been traveling. A photograph was introduced of the scene, showing much loose gravel at the point of intersection and on the right side of Highway 93. There was evidence that Vulcan Materials Company, defendant—appellant here, operated a rock quarry in which rock was excavated and crushed by a crusher to various sizes. This material was stockpiled on the premises and subsequently loaded by employees of appellant on trucks of customers who came to the quarry to purchase materials. During the two weeks prior to the date of the accident some 32,000 tons had been loaded and hauled away from the quarry. The only way of ingress and egress was over the

road intersecting Highway 93 at the point of the accident.

A former employee of appellant testified that the trucks hauling away the material were loaded by appellant's employees to such an extent that the material was piled high above the sides, and he had seen it fall off as the trucks were driven away. He further testified that so much material had fallen off these trucks over a period of time that the road from the quarry to the intersection where the accident occurred was covered with this material, and at times was nearly impassable. The material on the highway at the intersection was identified as material that came from appellant's quarry.

The plaintiff testified that in his opinion the reasonable market value of his automobile immediately before the accident was $3,000, and immediately after, approximately $300.

On cross-examination of plaintiff, appellant stated for the record that he had in his custody an instrument, either proof of loss or subrogation receipt, which indicated that plaintiff had settled with his insurance company for loss of his automobile for the sum of $2450. It was insisted that this instrument was admissible in evidence for the purpose of impeaching plaintiff's testimony as to the reasonable market value of his automobile. Objection was made to the introduction which was sustained by the court and exception was duly taken.

After other testimony, the case went to the jury. Verdict was returned in favor of plaintiff for $2000, and judgment entered accordingly.

Motion for a new trial was made by defendant and was denied. It is from the denial of the motion, and other alleged errors by the trial court, that defendant below has taken this appeal.

There were ten assignments of error, but 3, 6, and 10 were not argued in brief and thus are considered waived. Assignment Number Two is first argued in brief. We

will proceed in the same order as argued in appellant's brief.

Assignment of Error Two is by acknowledgment general, and charges error in denying appellant's motion for a new trial. There is argued in brief that the verdict of the jury and judgment of the court is contrary to law. It is insisted by appellant that the verdict and judgment is contrary to law because the only evidence as to damages of appellee was his opinion that the reasonable market value of his automobile before the accident was $3000, and after the accident $300. Thus, the recoverable damage was the difference in these before and after values, or $2700. It is contended that since this was the only evidence of damage, the verdict for $2000 was improper. The jury could only return a verdict for the undisputed amount of damage of $2700, says appellant.

The proposition of law in support of this assignment is Proposition of Law No. I, in appellant's brief, as follows:

"PROPOSITION OF LAW NO. I

"Where the only evidence as to damage to personal property is the testimony of the owner of such property as to the difference in the reasonable market value of such property immediately before and immediately after the damage to it, the jury may not return a verdict in favor of the owner in any other amount."

After reading the cases cited in support of this proposition, we come to the conclusion they do not support the stated proposition. They are cases referring to testimony of unimpeached witnesses as to damages in fact. One case involved a verdict for one-half the amount stipulated due under a life insurance policy. In the other case, the verdict was for approximately one-half the amount shown due on a promissory note. These are not applicable authority to the matter in point.

■ We have here nothing more than opinion evidence, and it is the law, long ago declared by the Supreme Court of this State, that a jury is not bound by opinion evidence of damages, though undisputed. Obear-Nester Glass Co. v. Mobile Drug Co., 208 Ala. 618, 95 So. 13; Commonwealth Life Ins. Co. v. Harmon, 228 Ala. 377, 153 So. 755.

In Tennessee Coal, Iron & Railroad Co. v. Ray, 248 Ala. 449, 28 So.2d 726, the Supreme Court said "The evidence of value was but an opinion, and is not conclusive on juries even when it is without conflict." (Citation omitted.)

The jury should not fail to apply their own personal opinion in regard to such matters, drawn from everyday observation and experience. Richardson v. Stinson, 211 Ala. 254, 100 So. 209. (Citation omitted.)

■ The trial court did not err in denying appellant's motion for a new trial based on the ground that the verdict of the jury was contrary to the law.

Appellant next argued Assignment Eight, which is, that the court erred in refusing to allow counsel for appellant to cross-examine appellee as to a prior and inconsistent written statement made by appellee as to the damages or value of his automobile. Assignment of Error Seven and Nine are similar to Assignment Eight, and appellant has assigned his argument in brief to Seven and Nine, as well as Eight. Assignment Seven charges error in the refusal of the court to allow counsel for appellant, in his opening statement to the jury, to state that he expected to show that appellee had collected from his insurance company less than counsel for appellee had stated was the amount of damages he expected to prove. We will consider Assignments of Error Seven, Eight, and Nine together.

■ Let it be pointed out, that the alleged prior inconsistent written statement is not a part of the record and not properly before us. We have only counsel's statement to the court as to an alleged instrument in his custody, and that is far

from clear. After noon recess the transcript shows the following occurred outside the presence of the jury:

"Mr. Huie: Judge for the record—

"Mr. Gaines: Let me make a statement for the record. Well, go ahead.

"Mr. Huie: The Defendant, Birmingham Slag Division of Vulcan Materials Company makes known to the Court that there is in the custody of the attorney for the Plaintiff a proof of loss or subrogation receipt on which is indicated that the Plaintiff claims of the State Farm Mutual Automobile Insurance Company the sum of $2450.00. In full settlement and final disposition of all claims and liabilities. For damage to a 1965 Buick automobile, arising from a collision, which occurred on or about the 10th day of June, 1966, in Talladega County, Alabama. The Defendant further points out and makes known to the Court that the plaintiff has testified that the value of the automobile involved in this collision prior to the accident had a value of $3000. The Defendant insists that he is entitled to introduce the statement heretofore made by the Plaintiff by way of impeachment or rather for the purpose of impeaching the testimony of the Plaintiff.

"The Court: Relative to value?

"Mr. Huie: Relative to value.

"The Court: If you are offering it, I'll sustain the objection to it.

"Mr. Huie: The Defendant respectfully reserves an exception.

"The Court: I will consistently rule that you cannot go into the settlement between the insured and the insurer and if there is another matters (sic) you want to make an offer of proof on, if it is convenient it might speed the trial if you want to do that now, but if you are not ready we can send the jury back out."

This part of the record is unclear—First, there is total uncertainty as to what the alleged instrument was. It is classified as "a proof of loss or subrogation receipt." There is obviously a distinct difference in such instruments. It could not be both. Second, the record does not indicate that the instrument, whatever it was, was actually produced and offered in evidence. The court stated, "If you are offering it, I'll sustain the objection to it." There was no affirmative offer of any instrument in evidence.

"The propriety of courts refusal to allow introduction of documents into evidence was not reviewable when documents were not set out in the record before reviewing court." Forest Inv. Corp. v. Commercial Credit Corp., 271 Ala. 8, 122 So.2d 131; Neumiller v. Jenkins, 270 Ala. 231, 117 So.2d 402.

We do not intend, in this Court, to search for technicalities upon which to base a refusal to consider valid and vital assignments of error on appeal, however, we do not intend to ignore failure to reasonably adhere to the revised rules of the Supreme Court of Alabama. In this case, appellant has utterly failed to comply with Rules 1 and 9 of these rules. Appellant has followed each assignment of error with number of page or pages of the transcript on which the court's ruling is recorded, *but*, to our confusion, the numbers are incorrect as to Assignments Four through Ten. The numbers given are pages on which appear appellant's motion for new trial, and not where the ruling of the court appears. This is in violation of Rule 1. Rule 9(a) is almost completely ignored insofar as pages of transcript being listed. We bring this to appellant's attention for consideration in any future appeals.

We do not find in our search of the record any specific effort by appellant to cross-examine appellee as to prior inconsistent written statements other than as set out hereinabove. There is insufficient matter contained in the record for this Court to find error as assigned in Assignments Seven, Eight, and Nine. However, even if the matters charged were present and clear in the record, the court below

committed no error in refusing to allow comment in the opening statement or cross-examination as to a prior inconsistent written statement involving settlement of an insurance claim.

In the case of Carlisle v. Miller, 275 Ala. 440, 155 So.2d 689, the exact situation as under consideration here was present. The Supreme Court stated: "(5) It is also well settled that the amount paid by an insurer to a plaintiff for damages to his vehicle does not affect his measure of recovery, and such evidence is not admissible in the trial of such cause. Vest v. Gay, ante, [275 Ala.] p. 286, 154 So.2d 297; Strudivant v. Crawford, 240 Ala. 383, 199 So. 537; Allen v. Zickos, 37 Ala.App. 361, 68 So.2d 841.

\* \* \* \* \* \*"

"(6) To the contrary, the amount of insurance carried is generally held to be immaterial as to the value of the property. It is therefore apparent that neither the amount of the insurance nor the proceeds collected therefrom would have tended to establish value and as such would be irrelevant to the issue presented. Alabama Great Southern R.R. Co. v. Loveman Compress Co., 196 Ala. 683, 72 So. 311; City of Dothan v. Thomley, 220 Ala. 618, 127 So. 193."

Appellant next argues Assignment of Error One, and adopts the same argument as to Assignments Four and Five. Assignment One is "that the court erred in overruling appellant's demurrer to appellee's complaint, because there was no legal duty owing from the appellant to the appellee and, further, that the appellee's damages did not proximately result from any act or omission on the part of the appellant or its employees."

It is clear from this assignment of error, and the argument in its support, and the further fact that appellant assigns the same argument in support of Assignments Four and Five, (Assignments Four and Five being directed to the refusal of the general affirmative charge, with and without hypothesis) that appellant is not really arguing the insufficiency of the complaint, but the insufficiency of the evidence.

The complaint was in one count as follows:

"The plaintiff James C. Chandler claims of the defendants the sum of Five Thousand and No/100 ($5,000.00) Dollars as damages for that heretofore on, to-wit: June 11, 1966, plaintiff's automobile was being operated along and upon the Talladega-Eastaboga Road, Highway No. 93, a public highway in Talladega County, Alabama, at a point approximately 1.3 miles north of Choccolocco Creek, and at the intersection of said Highway No. 93 and a road which runs in a westerly direction to a slag pit or the place of operation of the defendants; that on said occasions and for many months prior thereto defendants had operated and maintained a business operation known as a slag pit approximately 1 mile to 1.5 miles west of said intersection, and at which operation defendants' agents, servants or employees extracted from the earth slag, rocks or other materials of varying sizes and shapes; that defendants stored on said premises used in said operation quantities of said materials; that said materials were hauled from said premises over and along the aforementioned road that intersects with said highway, and that defendants' agents, servants or employees, while acting within the line and scope of their employment as such, negligently loaded said trucks hauling said materials in such a manner as to cause large quantities of said rocks or other materials to be scattered upon, and along said public highway at said point of intersection, and to obstruct said highway and to form a hazardous or dangerous condition at said intersection, and by reason of said obstructions and hazardous conditions plaintiff's automobile upon coming in contact with said gravel, rock or other materials overturned, and as a proximate result of said negligence plaintiff's automobile was damaged and was bent, broken and caused to be of less value for all of which plaintiff claims damages as aforesaid."

Appellant has submitted this assignment of error on two grounds of the demurrer: (a) That there was no legal duty owed appellee by appellant; (b) That the act or omission of appellant was not the proximate cause of appellee's damages.

■ Every action in tort consists of three elements: (1) The existence of a legal duty by defendant to plaintiff; (2) a breach of that duty; (3) damages as the proximate result. Butler v. Olshan, 280 Ala. 181, 191 So.2d 7; Alabama Power Co. v. Guy, 281 Ala. 583, 206 So.2d 594.

The complaint alleged defendant was in the business of selling slag which was hauled from its premises over the public roads and the particular public intersection, and that this slag, when scattered upon the highway, formed a hazardous condition to the users of the highway. It further charged defendant with negligently overloading trucks which were traveling the road so that the slag fell off in large quanties.

■■ It is axiomatic that the public is entitled to the unobstructed use of its highways and roads, and broadly speaking, is entitled to have such way in the condition in which it was originally placed. Whoever, without proper authorization, negligently materially obstructs it, renders its use hazardous, or materially contributes or participates in the doing of something which renders its use hazardous, violates the right of the public.

In the case of Matsumato v. Arizona Sand and Rock Co., 80 Ariz. 232, 295 P.2d 850, 56 A.L.R.2d 1385, there was a similar factual situation, and the court said: "We believe no one would deny that defendant owed a duty to the public generally not to knowingly overload the trucks hauling its materials * * * to the extent that rocks falling therefrom might create a dangerous or hazardous condition upon the highway. The defendant, having the duty to load the trucks, would be responsible for a negligent performance of that duty."

Point is made by appellant that the use of the words "its material," distinguishes the Matsumato case from our factual situation. We do not agree. The fact of who actually owned the material at the time it fell in the highway has nothing to do with the negligent loading, which is the point at which a duty arises.

■ In the instant case, the evidence disclosed that slag had fallen, from trucks loaded at appellant's plant, at the scene of the accident over a long period of time, and in such quantities that members of the public loaded it and hauled it away. Appellant knew, or should have known, with reasonable diligence, that such spillage was occurring and that it was due, at least in part, to overloading of the trucks. Thus, we believe, that if appellant, in loading the trucks, acting as a reasonable person, was able to foresee an unreasonable risk of harm to plaintiff, or one in plaintiff's situation, as a result of slag falling from trucks onto the highway, caused by his overloading them, appellant would be negligent and liable in damage to the person injured as a proximate result of such negligence.

The complaint sufficiently charges a duty, a breach of that duty, and injury as a proximate result thereof.

"A count which alleges facts from which negligence may be reasonably inferred, followed by averments of negligence, whereby the plaintiff assumes the burden to prove negligence in the particular case, is sufficient." City of Birmingham v. Smith, 231 Ala. 95, 163 So. 611; Brown v. City of Fairhope, 265 Ala. 596, 93 So.2d 419.

The question of the sufficiency of the evidence as to proof of negligence and proximate cause of injury was properly submitted to the jury by the court.

The Court in Alabama Power Co. v. Guy, supra, stated,

"Unless the evidence is entirely free from doubt or adverse inference, the question is one for the jury; and whether or not plaintiff's injury is the proximate re-

sult of defendants negligence is ordinarily a question for the jury. Alabama Power Co. v. Irwin, 260 Ala. 673, 72 So.2d 300; * * *."

As dispositive of the assignments of error as to the refusal of the trial court to give the general affirmative charge, we quote the following from the case of Alabama Power Co. v. Guy, supra:

"(7, 8) In civil cases, the question must go to the jury if the evidence arising therefrom furnishes a scintilla in support of the theory; and in considering the propriety of the affirmative charge, we review the tendencies of the evidence most favorable to the plaintiff, regardless of any view we may have as to the weight of the evidence; and we must allow such reasonable inferences as the jury were free to draw, not inferences which we may think the more probable. Glass v. Davison, 276 Ala. 328, 161 So.2d 811; Southern Apartments, Inc. v. Emmett, 269 Ala. 584, 114 So.2d 453; Chesser v. Williams, 268 Ala. 57, 104 So.2d 918."

We are of the opinion that there was no reversible error in the court below and the judgment is due to be affirmed.

Affirmed.