This is an appeal from the Circuit Court of Jefferson County's action granting the defendant's motion for summary judgment. The plaintiff appeals and we affirm.
The dispositive issue on appeal is whether the plaintiff, in her complaint, states a claim upon which relief could be granted under the law of Alabama. The trial judge, in granting summary judgment as indicated above, determined no such claim was stated. We agree.
The record reveals that the plaintiff's husband was employed by the Birmingham News Company in 1976. In May of 1976, the plaintiff's husband was discharged from his employment. As a result of an arbitration decision, pursuant to a contract between the plaintiff's husband's union and the defendant, the plaintiff's husband was reinstated to his job. Additionally, the plaintiff's husband was awarded back pay of over $9,000. The award and reinstatement occurred in December of 1976.
In March of 1977, the plaintiff, the wife of the discharged employee, filed a three count complaint against the husband's employer, the Birmingham News Company. We deem it appropriate to set out this complaint as filed:
"COMPLAINT
"COUNT ONE
 "1. Plaintiff claims of the defendants the sum of TEN THOUSAND ($10,000.00) DOLLARS as damages for that heretofore on to-wit, May 3, 1976, the defendant did wrongfully discharge plaintiff's husband and cause plaintiff's husband to be without work and income for a period of seven months thereby causing plaintiff loss of money and extreme mental anxiety and distress during and as a consequence of this time following wrongful discharge by the defendant.
 "WHEREFORE, plaintiff demands judgment against the defendant in the sum of TEN THOUSAND ($10,000.00) DOLLARS, interest and costs.
"COUNT TWO
 "1. Plaintiff claims of the defendants the sum of TEN THOUSAND ($10,000.00) DOLLARS as damages for that heretofore on to-wit, May 3, 1976, the defendant did wrongfully discharge plaintiff's husband and cause plaintiff's husband to be without work and income for a period of seven months.
 "2. As a consequence of said wrongful discharge by defendant plaintiff was caused in incur lost interest due to withdrawals from a joint savings account, lost interest from jointly held savings bonds and loss from the forced sale of capital assets; and in addition thereto, plaintiff has suffered severe mental anxiety and *Page 476 
distress causing her to lose sleep, to be nervous, upset and insecure due to the financial plight and grave economic hardship brought about by the wrongful dismissal of plaintiff's husband.
 "WHEREFORE, plaintiff demands judgment against the defendant for the sum of TEN THOUSAND ($10,000.00) DOLLARS, interest and costs.
"COUNT THREE
 "1. On or about the 27th day of December, 1974, plaintiff's husband and defendant entered into a written employment agreement by which defendant promised to employ plaintiff's husband as a Pressman.
 "2. Defendant breached the agreement by wrongfully discharging plaintiff's husband on or about May 3, 1976.
 "3. Plaintiff is a third party beneficiary of said contract of employment.
 "WHEREFORE, plaintiff demands judgment against the defendant in the sum of TEN THOUSAND ($10,000.00) DOLLARS, interest and costs."
The trial court, upon motion by the defendant, granted summary judgment. It is from this action that the plaintiff appeals. The plaintiff, through able and distinguished counsel, contends that the abovementioned complaint does in fact state a cause of action upon which recovery may be had. The defendant, the Birmingham News Company, contends to the contrary.
As can be seen from the above, Count One claims damages for the wrongful discharge of the plaintiff's husband sounding in tort and claiming damages for loss of consortium and money, mental anxiety, and distress.
Such a count in Alabama, under the present law which we are bound to follow, does not state a cause of action due to the fact plaintiff is precluded from suing in tort in a situation such as this. Under Alabama law, every action in tort must consist of the existence of a legal duty by defendant to plaintiff; a breach of that duty; and damage to plaintiff as a proximate result of that breach. See Brimingham SlagDivision of Vulcan Materials Co. v. Chandler, 45 Ala. App. 406,231 So.2d 329 (1970).
Count One, to this court, shows that the defendant owed no legal duty to the plaintiff. The plaintiff's husband had entered into an employment contract with the defendant by way of the husband's union. The plaintiff's complaint, as noted above, is premised upon the husband's wrongful discharge by the defendant in breach of the employment contract.
The law in Alabama is settled in that the contract must have been intended for the direct benefit of the plaintiff, i.e., a third party to the employment contract, as distinguished from a mere incidental benefit, in order to entitle such third person to sue for a breach of the contract. See Anderson v. HowardHall Company, 278 Ala. 491, 179 So.2d 71 (1965).
The record reveals that the employment contract concerned only the husband, defendant, and the husband's union. The plaintiff was not involved in the contract and was not intended to be a direct beneficiary of such contract. In view of the above, we cannot say that the defendant owed the plaintiff such a legal duty as to support a claim in tort.
In any event, the action arising from an employee's wrongful discharge is in contract and not in tort, unless the discharge is accompanied by other wrongful conduct amounting to a tort or involved a breach of a duty imposed by law. See Harris v. Boardof Water Sewer Com'rs of Mobile, 294 Ala. 606,320 So.2d 624 (1975); Lambert v. Jefferson, 251 Ala. 5, 36 So.2d 594 (1948); 1 C.J.S. Actions § 49e (8); 56 C.J.S. Master and Servant § 50.
The record reveals no wrongful conduct accompanying the discharge constituting a tort nor did the discharge breach any duty imposed by law owed to the plaintiff on the part of the defendant.
The plaintiff's complaint additionally seeks damages in the form of consortium and mental distress. *Page 477 
Recently, the Supreme Court of Alabama, in Swartz v. UnitedStates Steel Corp., 293 Ala. 439, 304 So.2d 881 (1974), held that a wife has a cause of action for the loss of her husband's consortium caused by the tortious act of a third party. However, such a recovery of consortium is premised upon a physical injury suffered by the spouse. See Swartz v. UnitedStates Steel Corp., supra; Harden v. Alabama Great Southern R.Co., 45 Ala. App. 301, 229 So.2d 803 (1969).
As noted above, the present case solely revolves around the breach of an employment contract by a wrongful dismissal of the plaintiff's husband. Such an action will not support a claim of consortium due to the absence of a physical injury.
Concerning mental anxiety or distress, the law in Alabama does not permit recovery for mental distress suffered because of a wrong to another. See Tyler v. Brown-Service Funeral HomesCo., 250 Ala. 295, 34 So.2d 203 (1948). Furthermore, no recovery has ever been allowed for mental distress arising from the wrongful discharge of an employee in breach of an employment contract. See 7A Ala. Digest Damages 51.
Count Two claims damages for the wrongful discharge of the plaintiff's husband. This count is essentially the same as Count One and is bottomed on the same theory of recovery. As noted above, this count will not support a cause of action in Alabama.
Lastly, Count Three claims damages for breach of contract of the plaintiff's husband's employment contract and seeks damages for loss of consortium. As noted in Anderson v. Howard HallCo., supra, one not a party to a contract can sue for the breach of such contract only when the contract has been intended for the direct benefit of that third party. See also 5 Ala. Digest Contracts 186 (1), 187 (1).
Clearly, the record indicates that the plaintiff was not intended to be a direct beneficiary of the employment contract and would be merely an incidental beneficiary at most.
As initially noted, the plaintiff's appeal is from the trial court's granting of the defendant's motion for summary judgment.
A summary judgment may be granted only when it is shown that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. SeeFox v. Guaranty Abstract Co. of Mobile, Inc., Ala.,337 So.2d 1300 (1976).
In the present case, there was no dispute as to any material fact. Furthermore, in view of the above, it is clear to this court that the defendant was entitled to judgment as a matter of law in that plaintiff stated no cause of action.
The above being dispositive of the issues in this case, the trial court is due to be and is hereby affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.