BRADLEY, Judge.
This is an appeal from the granting of a summary judgment. We affirm.
On December 8, 1980 Pizitz, Inc. (Pizitz) filed suit against Polly and Charles Scott in the District Court of Jefferson County to recover $511.92, plus reasonable attorney’s fees, allegedly due on the Scotts’ credit account. The cause was set for trial on February 2, 1981 and all parties were notified. The Scotts failed to defend against the claim and a default judgment was entered in favor of Pizitz and against Charles D. Scott in the amount of $511.92 (the principal debt only), plus court costs, and against Polly Scott in the amount of $614.30 (the principal debt plus reasonable attorney’s fees), plus court costs.
The Scotts appealed the default judgments to the Jefferson County Circuit Court on February 10, 1981. Pizitz thereafter filed a motion for summary judgment with a supporting affidavit and exhibits. The motion was set for hearing on May 15, 1981. At the hearing Charles D. Scott filed a “Motion to Strike Demand for Summary Judgment” in opposition to Pizitz’s motion. After a full hearing of the evidence, which included testimony of the parties and supporting documents, the motion for summary judgment was continued until May 22, 1981 to allow the Scotts additional time to present evidence in opposition to the motion.
The court reconvened on May 22, 1981 to hear the continued motion. All previous evidence was reviewed. The court also considered a motion to dismiss and the affidavit of Charles Scott, both filed by Mr. Scott on May 21, 1981. On May 26, 1981 the circuit court granted Pizitz’s motion for summary judgment based on the finding that there was no genuine issue of material fact. The Scotts appealed to this court on July 6, 1981.
We are called upon to decide whether the circuit court’s granting of the summary judgment motion was proper. A *972 motion for summary judgment is due to be granted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Slovensky v. Birmingham News Co., 358 So.2d 474 (Ala.Civ.App.1978); Rule 56(c), A.R.C.P. The trial court, in ruling on a summary judgment motion, may consider any evidence before it which would be admissible at trial, as well as any material submitted in support of or in opposition to the motion. Morris v. Morris, 366 So.2d 676 (Ala.1978). The burden of proving that no genuine issue of material fact exists rests on the proponent of the summary judgment motion. Amason v. First State Bank, 369 So.2d 547 (Ala.1979). However, when the moving party has met that burden, the party opposing the summary judgment motion must produce at least a scintilla of evidence which would create a triable issue of fact. Id.
In the present case the trial court had before it the following evidence in support of the summary judgment motion: the affidavit of Donald Simms, General Credit Manager for Pizitz, alleging that both accounts of the Scotts were in default; a copy of the credit agreement bearing Mrs. Scott’s signature; the testimony of Mrs. Scott admitting that she signed the credit agreement; and the testimony of Mr. Scott admitting that he had signed each credit sales slip for merchandise received and that he had received credit on his account for all payments made by the Scotts. In opposition to the motion the court had before it the following: Mr. Scott’s motion to strike demand for summary judgment; a motion to dismiss, for lack of a date on the contract; and Mr. Scott’s affidavit denying the allegations of Pizitz’s complaint.
We find, after viewing all the evidence before the trial court, that no genuine issue as to any material fact exists in this case. Pizitz, the proponent of the motion, has met its burden of proof. The evidence before the trial court showed that there was no dispute as to whether the Scotts were in default on their accounts. The Scotts testified that the credit card contract was signed by Mrs. Scott; that the credit sales slips were signed by Mr. Scott and that he had received the merchandise evidenced by the sales slips; and that the accounts in question had been properly credited with each payment made on the account. Charles Scott’s affidavit provided that he had tendered a small amount on the account but that it had been rejected. He also said in his affidavit that he did not accept Pizitz’s version of the account and demanded strict proof of everything on the account.
 Generally when the facts or issues are in dispute, summary judgment is improper. In this case, although Charles Scott says in his affidavit that he does not accept Pizitz’s version of the account and seeks proof of each item on the account, he testified in open court that he signed each sales slip on the account and received the merchandise evidenced by those sales slips and that every payment made on the account had been properly credited to that account. What further proof of the correctness of the account could be made? We can perceive of none.
Under these circumstances, we consider that no genuine issue of a material fact exists and that the trial court’s award of a summary judgment is proper.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.