INGRAM, Presiding Judge.
This is an appeal from a judgment entered on a jury verdict awarding the plaintiff, Frances L. Gandy, $3,000. The plaintiff filed a motion for a new trial, contending that the damages awarded were inadequate. The trial court denied the plaintiff’s motion, thus this appeal.
The plaintiff contends on appeal that the trial court erred in denying her motion for a new trial. She argues that her undisputed damages exceeded the amount awarded by the trial court and that she was, therefore, entitled to a new trial.
At the outset, we would note that a jury verdict is presumed correct and should not be disturbed on appeal unless it is grossly inadequate or clearly the result of bias, prejudice, passion, corruption, or other improper motive. Gray v. Commodity International Corp., 477 So.2d 451 (Ala.Civ. *1092 App.1985). This presumption in favor of the correctness of the jury verdict is further strengthened where the trial court refuses to grant a new trial. Herring v. Prestwood, 414 So.2d 52 (Ala.1982).
Here, from a review of the record, we find that the only undisputed evidence concerned plaintiffs medical expenses and charges, which were approximately $670. The only other evidence of damages was the plaintiff’s testimony as to the fair market value of her automobile both before and after the accident. However, the plaintiffs testimony was merely opinion evidence as to the value of the automobile, and it is well settled that such evidence is not conclusive upon the jury or the trial court. General Motors Corp. v. Van Marter, 447 So.2d 1291 (Ala.1984); Courtesy Ford Sales, Inc. v. Hendrix, 536 So.2d 88 (Ala.Civ.App.1988); Birmingham Slag Division of Vulcan Materials Co. v. Chandler, 45 Ala.App. 406, 231 So.2d 329 (1970). Therefore, in view of the above, we cannot say that the trial court erred in denying the plaintiffs motion for a new trial based on inadequacy of damages.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.