In October 1987 David and Beverly Huff sold certain real property to Mary Prevatte for the sum of $64,000. Five months later Prevatte sold the property to Elizabeth and Charles Childs. The Childses executed a note and mortgage to Prevatte for the balance due of $59,000. The note and mortgage were assigned to the Huffs in lieu of their vendor's lien on the property.
The Childses defaulted in their scheduled payments on the note. The Huffs initiated foreclosure proceedings.
Prior to the foreclosure sale, the Huffs, believing that the Childses had abandoned the property, took possession of the property and removed certain items of personalty from the premises.
Before the foreclosure was perfected the Childses filed a petition for bankruptcy under Chapter 13 of the United States Bankruptcy Code. In accordance with bankruptcy statutes, the Childses regained possession of the property.
The Huffs were subsequently allowed to complete foreclosure under the mortgage. They purchased the property at the foreclosure sale for $50,400.
The Childses filed an action against the Huffs in the Circuit Court of Mobile County, claiming damages for trespass and for conversion of certain personal property.
The Huffs filed a counterclaim against the Childses, claiming a deficiency under the note after foreclosure.
After trial the jury returned a verdict in favor of the Childses for $250 and a verdict in favor of the Huffs for $4,500.
The Childses filed a motion for judgment notwithstanding the verdict or in the alternative a motion for new trial. The motion was denied. The Childses appeal.
On appeal the Childses present two issues for our review; however, only one issue is supported by any authority.See Rule 28, Alabama Rules of Appellate Procedure.
Initially the Childses, without citing supporting authority, assert that the trial court erred in allowing a bankruptcy expert to give his opinion concerning the valuation of the property at the time of foreclosure. The name of the witness had not been disclosed as directed in the pretrial order. The decision whether to allow *Page 941 
the testimony of such witness is generally a matter within the sound discretion of the trial court and will not be reversed on appeal absent any abuse. Mitchell v. Moore, 406 So.2d 347
(Ala. 1981). We find no abuse of discretion. We further point out that the issue was insufficiently presented to this court under Rule 28, A.R.A.P.
The other issue properly raised on appeal is whether the trial court erred in failing to grant the Childses' posttrial motion. The posttrial motion charged that the amount of damages assessed by the jury on both the complaint and the counterclaim was not supported by the evidence.
Concerning the amount of damages awarded on the complaint, the Childses assert that the award of $250 was contrary to the evidence in that Elizabeth Childs testified without contradiction that the converted items had a value of $3,500. There was no evidence of damage relating to a trespass.
In the complaint the Childses requested damages in the amount of $5,200 for the conversion of the personal property. At trial Mrs. Childs testified that it would cost between $3,000 and $3,500 to replace the property. She testified that one of the converted items was a "sundeck set" that she had bought at Service Merchandise for $1,200. Mr. Childs himself contradicted this evidence. There was no other testimony concerning the value of the property.
On cross-examination Mrs. Childs admitted that, except for the "sundeck set," she did not buy the alleged converted items, that she did not know when the items were bought or for how much, and that she had never tried to ascertain the value of similar used items. She testified that the items were purchased as part of the purchase of the house.
Evidence of value is necessarily opinion evidence and is not conclusive upon a jury, even where it is undisputed.General Motors Corp. v. Van Marter, 447 So.2d 1291 (Ala. 1984). Where testimony concerning value is elicited from one that stands to gain unduly, the jury is authorized to give minimum weight to the testimony. General Motors Corp. The jury should apply their own personal opinion, drawn from everyday experience and observation, in regard to such matters.Birmingham Slag Div. of Vulcan Materials Co. v. Chandler,45 Ala. App. 406, 231 So.2d 329 (Ala.Civ.App. 1970).
We cannot conclude that the jury's verdict was contrary to the evidence simply because it returned a verdict for an amount smaller than the amount the Childses had originally requested. The jurors heard the evidence and must have concluded that Mrs. Childs overestimated the value of the items. The trial court did not err in denying the postjudgment motion concerning the award of damages in the original complaint. General MotorsCorp.
The Childses similarly assert that the evidence did not support the amount of damages awarded to the Huffs on their counterclaim.
The facts reveal that the Huffs sold the real property to Prevatte for $64,000. The Huffs retained a $59,000 vendor's lien to secure payment of the balance of the purchase price. The Childses bought the property five months later. Mrs. Childs testified that they purchased the property for $74,000, although there was not a cash down payment. The Childses executed a note to Prevatte in the sum of $59,000. They secured the note with a mortgage on the property. Thereafter the Huffs canceled their vendor's lien and accepted an assignment of the Childses' note and mortgage.
The parties stipulated that at the time of foreclosure the mortgage principal and interest amounted to $62,949.66. Mr. Huff testified that the total indebtedness at the time of foreclosure was $63,814. This figure included the amount he was forced to pay in real estate taxes and the debt incurred in legal advertising.
The Huffs purchased the property at the foreclosure sale for $50,400. Mr. Huff testified that this figure represented the value of the property subject to the Childses' statutory right of redemption. *Page 942 
A bankruptcy trustee, experienced in buying and selling property encumbered with a right of redemption, testified that based on his experience the right of redemption devalues property by fifteen to twenty percent. He testified that he had inspected the Huffs' property and considered the property to be worth between $60,000 and $65,000, free of the right of redemption.
The evidence concerning the value of the property at the time of foreclosure was in dispute. The alleged value of the property ranged from $50,400, the amount the Huffs paid at the foreclosure sale, to $74,000, the amount the Childses allegedly paid to purchase the property. The jury's verdict indicated a valuation of the property at the time of foreclosure of a few hundred dollars more than the initial mortgage amount on the property. The jury's verdict represented the difference between that valuation and the amount due under the mortgage at the time of foreclosure. The verdict was within the parameters of the evidence and the discretion of the jury. General MotorsCorp. The presumption of the correctness of the jury's verdict is strengthened by denial of a new trial by the trial judge who also heard the evidence. Walker v. Cardwell, 348 So.2d 1049
(Ala. 1977). We find no error in the denial of the postjudgment motions.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.