RICHARD L. HOLMES, Retired Appellate Judge.
Les Prouty filed a multi-count complaint against Phil Williamson, alleging that Williamson owed him $81,292.78. After a trial, the jury returned a verdict in favor of Prouty in the amount of $35,000. Prouty filed a motion for additur or, in the alternative, a motion for a new trial. This motion was denied.
Prouty appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6). We affirm.
In his first issue, Prouty contends, without supporting authority, that the trial court committed reversible error when it denied his motion in limine and allowed an accountant to testify on behalf of Williamson. Prouty also contends that Williamson did not supply the names of his expert witnesses within the time period required by the pretrial order and that because the name of the expert was not supplied in a timely fashion, Prouty was unable to prepare properly for the testimony of this witness. Prouty further alleges that this resulted in substantial prejudice to him.
Generally, the trial court is given broad discretion in determining whether to allow the testimony of such witnesses. Childs v. Huff, 586 So.2d 939 (Ala.Civ.App.1991). The determination of the trial court will not be disturbed on appeal unless there was an abuse of that discretion. Childs, 586 So.2d 939. We find no such abuse of discretion.
Prouty’s remaining issues deal with his contention that the jury’s verdict was inconsistent and/or against the great weight of the evidence. We would note that this case was submitted to the jury on the basis of three claims: express contract, implied contract, and open accounts. The jury returned a general verdict in the amount of $35,000, without referencing a specific claim.
Our supreme court has previously determined that “when more than one claim is submitted to a jury and the jury returns a general verdict without reference to a specific claim, the verdict will be referred to any of the claims that are supported by the evidence.” Whisenant v. Nationwide Mutual Fire Insurance Co., 577 So.2d 909, 911 (Ala.1991). Our review of the record reveals that the implied contract claim and the open accounts claim were supported by the evidence.
In view of the above, this case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.