RICHARD L. HOLMES, Retired Appellate Judge.
David J. Slyman, Sr., sued Marine Systems, Inc. (Marine Systems), for breach of contract. The basis of Slyman’s lawsuit was that Marine Systems failed to build a boat dock in a satisfactory manner.
Marine Systems filed an answer and a counterclaim, wherein it alleged that Slyman had breached the contract between the parties when he failed to pay an installment due under the contract.
Marine Systems filed a motion for summary judgment, which was denied.
The case was tried non-jury. The trial court found in favor of Slyman on the original complaint and assessed his damages at $15,000. The counterclaim filed by Marine Systems was denied.
Marine Systems appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6). We affirm.
The dispositive issue is whether the trial court’s actions were supported by the evidence. We find that the evidence supports the judgment in favor of Slyman.
It is not necessary to set out in detail the facts surrounding this appeal.
When we view the record with the attendant presumptions accorded the trial court’s actions, the following is revealed: In September 1991 Slyman and Marine Systems entered into a contract, wherein Marine Systems agreed to construct a pier for Slyman. The contract price was $22,376, plus tax, to be paid in three installments.
Slyman wished to have the pier constructed at his lakeside residence in order to hold, secure, and dock his yacht, which was 52 feet long, 17 feet wide, and weighed 80,000 pounds. Slyman testified that he advised the representative from Marine Systems of the *1168 reasons he desired to have the pier constructed.
Slyman paid the first installment at the time he executed the contract. The materials were delivered and construction commenced. Under the terms of the contract, the second installment was due when the materials were delivered. Slyman testified that it became obvious to him in the early stages of construction that the pier being constructed would not be sufficient to hold, secure, and dock his yacht. In fact, both Slyman and his son testified that the foreman for Marine Systems stated that there was no way that the pier was sufficient to hold Sly-man’s yacht.
At the trial an engineer testified that the pier was not adequate to support a boat the size of Slyman’s yacht.' The engineer recommended that the unfinished pier should be torn down, as it would cost more to repair it than to replace it completely.
The law is clear that when a trial court, sitting without a jury, enters a judgment after hearing the testimony and reviewing the evidence, such judgment will be affirmed on appeal if there is credible evidence to support the judgment and if the judgment is not palpably wrong or manifestly unjust. City of Bridgeport v. Citizens Action Committee, 571 So.2d 1089 (Ala.1990). In view of the above, this court cannot conclude that the trial court’s actions were palpably wrong. Stated another way, if this court were to reverse the trial court’s judgment, we would have to substitute our judgment for that of the trial court. This, the law does not permit. Ex parte Travis, 414 So.2d 956 (Ala. 1982); Grubbs v. Crosson, 634 So.2d 593 (Ala.Civ.App.1994).
Marine Systems contends that the trial court erred when it failed to grant the motion for summary judgment which had been filed by Marine Systems. Suffice it to say that the affidavits in support of the motion for summary judgment, and the counter-affidavit filed in opposition to the motion for summary judgment, presented a genuine issue of a material fact. Hence, there was no error on the part of the trial court when it declined to grant the motion for summary judgment filed by Marine Systems. Stallings v. Angelica Uniform Co., 388 So.2d 942 (Ala.1980); Porter v. Fisher, 636 So.2d 682 (Ala.Civ.App.1994).
Additionally, Marine Systems asserts that the trial court committed reversible error when it declined to admit certain evidence.
It is well settled that the determination regarding the admission of evidence rests within the sound discretion of the trial court. Childs v. Huff, 586 So.2d 939 (Ala.Civ.App.1991); State v. Askew, 455 So.2d 36 (Ala.Civ.App.1984).
Here, we cannot say that the trial court erred to reversal when it refused to admit certain evidence and testimony, which included a tensile test report prepared by Law Engineering and a brochure with pictures of other piers.
In any event, in view of what this court has stated above as to the dispositive issue, we find no error so prejudicial as to require reversal. Any error committed falls within the purview of Rule 45, A.R.A.P., i.e., error without injury.
We determine that the above is dispositive of this appeal and that the judgment is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate .Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.