**NASHVILLE, C. & ST. L. RY. v. PRINCE.**
(8 Div. 741.)

(Supreme Court of Alabama. March 19, 1925.)

**I. Railroads ⟨⟩347(7)—Evidence of obstruction of view of vehicles approaching crossing held pertinent as to danger from excessive speed and lack of warning.**

In action for injuries in collision with train, through failure to give warning and running train at excessive speed, where plaintiff's contributory negligence was out of case, evidence as to position of water tank and trees obstructing view of trainman as to vehicles approaching crossing was pertinent only as tending to enhance danger by excessive speed, and absence of warning.

**2. Railroads ⟨⟩345(4)—Not necessary for jury to find speed literally as alleged.**

In action against railroad company for personal injuries and damage to automobile in collision with train at crossing, in which plaintiff alleged lack of warning and speed of from 35 to 40 miles per hour, it was not necessary for jury to find that speed was literally rate alleged.

**3. Railroads ⟨⟩348(5)—On conflicting evidence as to speed of train, jury could find issue for plaintiff.**

In action for personal injuries and damage to automobile from collision with train at railroad crossing, where evidence as to speed of train was conflicting, it was open to jury to find issue of speed for plaintiff.

**4. Evidence ⟨⟩586(3, 4)—Rule that positive evidence is regarded more highly than negative furnishes good ground for argument in considering force of testimony.**

Rule of law that positive evidence is regarded more highly than negative furnishes good ground for argument to jury in considering probative force of testimony.

**5. Evidence ⟨⟩586(2)—Jury may consider all facts disclosed by witness as tending to illustrate whether failure to hear warning signal was due to inattention.**

Jury may consider all facts as disclosed by witness as tending to illustrate whether failure to hear railroad warning signal was due to inattention.

**6. Railroads ⟨⟩350(34)—Testimony as to warning held for jury under count for wanton injury.**

In action for personal injury and damages to automobile in collision with train at crossing, testimony as to whether warning was given *held* to make case for jury under count for wanton injury.

**7. Railroads ⟨⟩348(11)—Evidence held to sustain recovery on count for wanton injury at crossing.**

In action for personal injuries and damages to automobile in collision with train at crossing, evidence as to excessive speed and lack of warning *held* sufficient to sustain verdict for plaintiff on count for wanton injury.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Action for damages by J. L. Prince against the Nashville, Chattanooga & St. Louis Railway. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, § 6, p. 450. Affirmed.

John B. Tally, of Scottsboro, for appellant.

Plaintiff's allegation as to the speed of the train must be sustained by the evidence. St.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 290.

L., I. M. & S. R. v. Kimbrell, 111 Ark. 134, 163 S. W. 516; Id., 117 Ark. 457, 174 S. W. 1183. Positive testimony is entitled to more consideration than merely negative statements. Kennedy's Heirs v. Kennedy's Heirs, 2 Ala. 571; 23 C. J. 40, §§ 1786, 1787, 1788 (note 84).

Proctor & Snodgrass, of Scottsboro, for appellee.

The conduct of defendant's employees, under the circumstances, constituted wanton negligence. L. & N. v. Loyd, 186 Ala. 119, 65 So. 153; M. & C. v. Martin, 117 Ala. 367, 23 So. 231; L. & N. R. Co. v. Webb, 97 Ala. 308, 12 So. 374; C. of Ga. v. Partridge, 136 Ala. 587, 34 So. 927; Empire Coal Co. v. Martin, 190 Ala. 169, 67 So. 435; Ga. Pac. v. Lee, 92 Ala. 271, 9 So. 230.

BOULDIN, J. The suit is in damages for injuries to plaintiff's person and to his automobile, resulting from a collision of the automobile with a locomotive of defendant at a grade crossing in the town of Stevenson.

The counts for simple negligence were withdrawn and the case went to the jury on a count for wanton injury. This count sets out the quo modo of the accident. In substance it charges that defendant, by its servants, did wantonly and recklessly, without warning, propel its train over a public roadway or crossing, within the corporate limits of the town, where people were wont to cross with frequency and in great numbers—facts known to defendant's employees—at the high and dangerous "speed of about 35 or 40 miles per hour," and that the train was thus wantonly and recklessly run against the automobile.

The sole question here presented in argument is the denial of a motion for new trial on the ground that the verdict was opposed to the weight of the evidence, or that there was no evidence to support a finding of wanton and reckless conduct as charged.

[1] The evidence, without conflict, fully supports the averments touching the conditions at the crossing. It was shown to be adjoining the business district, connected with a highway leading into Stevenson, and in constant and frequent use by persons and vehicles—facts known to the trainmen. It further appears the crossing is approached by vehicles from the south on an upgrade, reaching the level of the railroad crossing near the south tracks. Four or more tracks, those of Southern Railway and of defendant railway, are crossed. Defendant's road is double-tracked. The injury occurred on defendant's north main track. The automobile had crossed other tracks, and moved some 30 to 40 feet after reaching the level of the railroad grade. There is evidence that a water tank and trees, located on the south side and near the tracks, obstructed the view of trainmen as to vehicles approaching on the up-

grade toward the crossing. The view was open after reaching the crossing. Plaintiff's contributory negligence being out of the case, these facts were pertinent only as tending to enhance danger at the crossing by excessive speed and absence of warning.

The evidence of the speed of the train at the time of the collision is greatly at variance. Five eyewitnesses for plaintiff give their estimate of speed. One, the plaintiff only, places it at 35 or 40 miles per hour; one at 30; two at 25 to 30; and one at 18 to 20. The engineer testified the train had been slowed down to about 10 miles per hour, the speed limit fixed by ordinance of the town. Several other witnesses for defendant give the speed at 10, 10 to 12, or 12 to 14, miles per hour. The evidence further tended to show the train was a fast through freight, which did not stop at Stevenson except upon signal, and that the "go ahead" signal was displayed on this occasion shortly before the train reached the crossing. The engineer testified the train had a schedule, outside of speed limit zones, of 35 to 40 miles per hour, and approached and came into Stevenson at 25 to 30 miles per hour. Some evidence tended to show there was no decrease in speed as the train reached the crossing.

[2] It is suggested by appellant that, having alleged a speed of 35 or 40 miles per hour, the burden was on plaintiff to make the proof as alleged, and that the great weight of the evidence does not support the averment. The allegation is "about 35 or 40 miles" per hour. The gravamen of the count is a high and dangerous rate of speed at the time and place. It was not necessary for the jury to find the speed was literally 35 or 40 miles per hour.

[3] Under the conflicting evidence, it was open to the jury to find this issue for plaintiff. If so found, the conclusion would follow that the train was being run in entire disregard of the speed limit fixed by ordinance. If such conclusion was reached, it would tend to weaken the testimony of defendant's witnesses touching the warning given by blowing the whistle and ringing the bell. On this latter issue, the witnesses range themselves in much the same way as on the question of speed.

[4] An earnest argument is presented by appellant upon the negative character of the evidence for plaintiff—that witnesses did not hear or take notice of any signals. The rule of law, based on common experience, that positive evidence is regarded more highly than negative, should always be kept in mind, and furnishes good ground for argument before the jury in considering the probative force of testimony. Kennedy v. Kennedy, 2 Ala. 571, 616; 23 C. J. p. 40, §§ 1786, 1787; 10 R. C. L. p. 1010, § 202.

[5] In dealing with warning signals, the jury are authorized to consider all the facts as disclosed by the witnesses as tending to

illustrate whether a failure to hear was due to mere inattention or not. The plaintiff testifies he was looking out for a train as he approached the crossing, and neither saw the train, nor heard whistle or bell. Several witnesses had their attention directed to the train and the imminent accident. Some say they noted the ringing of the bell when the train stopped at the station after the accident, and not before. The engineer, corroborated by the conductor, fireman, and flagman, testifies the station whistle was blown about one mile from the station, and again for a street crossing some 1,600 to 1,800 feet before reaching this crossing. No whistle was blown thereafter. These witnesses testify the bell was automatically ringing, except that the conductor says he could not hear it while the train was running. One witness for defendant testifies to hearing the whistle but not the bell.

[6] The testimony made a case for the jury under the count for wanton injury. L. & N. R. R. Co. v. Loyd, 186 Ala. 119, 65 So. 153; Ga. Pac. Ry. v. Lee, 92 Ala. 271, 9 So. 230; L. & N. R. R. Co. v. Webb, 97 Ala. 308, 12 So. 374; M. & C. R. R. Co. v. Martin, 117 Ala. 367, 23 So. 231; Cent. of Ga. Ry. Co. v. Partridge, 136 Ala. 587, 34 So. 927.

[7] After a careful study of all the testimony, and in view of the presumption to be indulged in favor of the verdict of the jury, and sustained by the trial court, who saw and heard the witnesses, we do not feel warranted in disturbing the verdict under the well-considered rule announced in Cobb v. Malone, 92 Ala. 630, 9 So. 738, and often reannounced and followed by this court.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.