(127 So. 193)

## CITY OF DOTHAN v. THOMLEY.
### 4 Div. 474.

Supreme Court of Alabama.

March 27, 1930.

[1] Ante, p. 399.

O. S. Lewis, of Dothan, for appellant.

Farmer, Merrill & Farmer, of Dothan, for appellee.

ANDERSON, C. J.

We concede the general rule to be as stated by counsel for appellant: "A Municipality is not liable for injury done by surface water unless it changes the course of such water so as to prevent the natural flow thereof." Here, however, we have a change in the natural flow by virtue of the street, before and after the improvement in question. True, the defendant being below the street would naturally receive from every rainfall water that would seek its level, but the evidence shows that the existence of the street, before and after the improvement, changed, to some extent, the natural flow of the surface water. That is, that instead of running over his land from land immediately above him, the street tended to collect water, not only from lots immediately above him, but from other lots not adjacent and which would not pass over the defendant's land but for said street, thus gathering water, to some extent, in front of the defendant's lot which overflowed same and which water passed by him until the street improvement was made. Therefore the

charge, embodied in the fourteenth assignment of error, if not otherwise faulty, was abstract, as the undisputed evidence shows that the street did change the natural flow of water and the charge is an affirmative instruction that defendant was entitled to no damage from the overflow if there was no change in the natural flow of water.

It must also be borne in mind that there is an exception to the general rule as above announced. "It is an exception to the general rule of nonliability, in that municipalities are held liable where they collect surface water by an artificial channel, or in large quantities, and pour it, in a body, upon the land of a private person, to his injury. The rule exempting municipal corporations from liability for consequential damages for grading its streets does not relieve it from liability for damages caused by its act in turning water on adjacent lands in a body, and the municipality is liable whether or not the work was negligently done, the municipality being liable in this respect the same as private persons." McQuillin Municipal Corporations, § 2885, and cases cited in note.

The question, to the witness Bottoms, "If the water does not seep from the hill sides after heavy rains?" was immaterial, as it may have seeped as much before as after the improvement was made.

■ There was no error in not permitting the plaintiff to show the amount of insurance collected on the house. A. G. S. R. R. Co. v. Loveman Compress Co., 196 Ala. 683, 72 So. 311.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN and FOSTER, JJ., concur.