155 So.2d 689

John R. CARLISLE, Jr.

v.

James Edward MILLER.

2 Div. 439.

Supreme Court of Alabama.

July 18, 1963.

Rehearing Denied Aug. 29, 1963.

Harry W. Gamble, Selma, for appellant.

**442**

Reeves & Stewart, Selma, and Allgood & Childs, Augusta, Ga., for appellee.

SIMPSON, Justice.

Appeal by the defendant from a judgment rendered on a jury's verdict in a damage suit involving a collision between an automobile and a trailer-truck.

The complaint was drawn in two counts, simple negligence and wantonness. The two counts went to the jury. The jury returned a verdict in favor of the appellee in the sum of $25,460.00 and judgment was entered against appellant accordingly. A motion for a new trial was presented to the lower court on behalf of appellant and denied.

The collision made the basis of this suit took place just west of the intersection of U. S. Highway 80 and Alabama Highway 14 in Dallas County, Alabama. Appellee was driving alone in his truck at a speed of approximately 30 to 35 miles per hour. He was traveling in a westerly direction in the right lane of traffic pulling a trailer upon which was situated one-half a prefabricated house. There was an escort pickup truck ahead of appellee and behind appellee was another truck pulling the other held of the prefabricated house. Behind this third truck was a fourth truck also

traveling west on Highway 80. When this fourth truck was approximately in the intersection, appellant attempted to pass this line of trucks in a Dodge automobile which belonged to Reliable Oldsmobile Co. of Selma.

The accident occurred when appellant, in attempting to pass, ran into the rear of appellee's truck causing it to "jack-knife" and overturn, causing serious injuries and damaging the truck beyond repair.

Appellant's speed was estimated by three witnesses to be anywhere from 70 to 80 miles per hour. Appellant estimated his speed to be less, but it, of course, was for the jury to resolve this conflict. The speed limit on U. S. 80 at the intersection with Alabama 14 was 40 miles per hour; and just west beyond the intersection was 60 miles per hour. There was a no passing zone just before the intersection of the highways.

Appellant testified that the rear of appellee's trailer swung over on the left side of the highway hitting the front of the car he was driving, causing the collision. This was directly contradicted by two eyewitnesses, the driver of the truck immediately behind appellee and the driver of the fourth truck, both of whom testified that at no time prior to the impact did they see appellee's truck leave the right lane of the highway. This conflict was likewise for the jury to resolve.

There was testimony that another car was approaching in the left lane at about the time of the collision, and this probably is why appellant pulled in behind appellee's truck, thereby causing the collision. It was also shown that appellant did not sound his automobile horn in attempting to pass the trucks.

█ Appellant contends the lower court erred to a reversal in refusing to give the affirmative charge with hypothesis as to Count Two of the complaint charging wantonness. Appellant argues the only evidence of wantonness was the speed of the vehicle, and that speed alone does not import wantonness. We are of the opinion that there was more than mere speed. Taking into consideration the speed of appellant's vehicle, coupled with the speed limit, his failure to sound the horn, the size and number of vehicles to be passed, the fact that appellee's trailer was struck from the rear, we think a scintilla of evidence of wantonness was shown. The lower court was clearly justified in sending this count to the jury. McNickle v. Stripling, 259 Ala. 596, 67 So.2d 832.

█ Appellant's first assignment of error concerns the lower court's sustaining an objection interposed by appellee's counsel to a question asked appellee as a witness on cross-examination by appellant's counsel. Quoting from the record (p. 48):

"Q Now, Mr. Miller, as a matter of fact, you have received payment for your truck's damages received in this accident. Is that right?
"MR. REEVES: We object to that, your Honor. That's irrelevant, immaterial.

"MR. GAMBLE: Your Honor, this witness has testified as to the value of his car [truck], and on a question of value I think I have a right to show what he received for his truck after this accident.

* * * * * *

"THE COURT: I sustain the objection.

"MR. GAMBLE: We except."

Appellant argues the trial court erred in sustaining the objection to the foregoing because appellee had testified on direct examination the reasonable market value before and after the accident, and that appellant had the right to test the opinion already given as to the value of the truck. Appellant admits in his brief that the question asked appellee was for the purpose of showing that appellee carried collision insurance on his truck, and that appellee had

settled with his insurer upon a basis of value less than his opinion of value as stated on direct examination. The argument is untenable and the authorities cited in support thereof are inapposite to the question presented.

The rule in our jurisdiction is that the latitude and extent of cross-examination is a matter which of necessity must rest largely within the sound discretion of the trial court, and unless this discretion is grossly abused the ruling of the trial court will not be overturned. Blount County v. Campbell, 268 Ala. 548, 109 So.2d 678. And such error must intervene to the prejudice of the objecting party. Melco System v. Receivers of Trans-America Ins. Co., 268 Ala. 152, 105 So.2d 43.

It is also well settled that the amount paid by an insurer to a plaintiff for damages to his vehicle does not affect his measure of recovery, and such evidence is not admissible in the trial of such cause. Vest v. Gay, ante, p. 286, 154 So.2d 297; Sturdivant v. Crawford, 240 Ala. 383, 199 So. 537; Allen v. Zickos, 37 Ala.App. 361, 68 So.2d 841.

The lower court in the case at bar was obviously weighing the value of the testimony relating to insurance against the appellant's right to a thorough and sifting cross-examination to test appellee's opinion as to the value placed upon the truck. The facts in the case at bar do not present any of the exceptions to the rule mentioned in Allen v. Zickos, supra.

To the contrary, the amount of insurance carried is generally held to be immaterial as to the value of the property. It is therefore apparent that neither the amount of the insurance nor the proceeds collected therefrom would have tended to establish value and as such would be irrelevant to the issue presented. Alabama Great Southern R. R. Co. v. Loveman Compress Co., 196 Ala. 683, 72 So. 311; City of Dothan v. Thomley, 220 Ala. 618, 127 So. 193. The conclusion seems inescapable then that there was no abuse of discretion in the ruling sustaining the objection to the question. The answer thereto could in no way test the opinion of the witness as to the value placed upon the truck, nor could it show a prior inconsistent act or opinion.

Appellant made the point in his motion for a new trial, and argues here, that the verdict of the jury was excessive.

It is almost platitudinous to restate the guiding rules, but here they are: The verdict of a jury should not be interfered with merely because in the opinion of the court the jury gave too little or too much (Vest v. Gay, supra; Airheart v. Green, 267 Ala. 689, 104 So.2d 687; Alabama Great Southern Ry. Co. v. Baum, 249 Ala. 442, 31 So.2d 366); and the authority vested in the courts to disturb a verdict of the jury on the ground of excessiveness is one which should be exercised with great caution. Airheart v. Green, id.; McLaney v. Turner, 267 Ala. 588, 104 So.2d 315; Louisville & Nashville Ry. Co. v. Tucker, 262 Ala. 570, 80 So.2d 288, 298. Where, as here, there is no set standard for the admeasurement of damages but the damages to be awarded are left to the sound discretion of the jury, a remittitur or a new trial should not be ordered on the ground of excessiveness of the jury's verdict except in those cases where the court can clearly see that the verdict has been reached on account of bias, passion, prejudice, corruption, or other improper motive or cause. Airheart v. Green, supra; Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447. And only where the damages allowed are so excessive as to warrant the belief that the jury must have been misled by some mistaken view of the merits of the case should the court interfere and set the verdict aside (National Surety Co. v. Mabry, 139 Ala. 217, 35 So. 698); also, where the trial court refuses to grant a new trial because he does not believe the verdict is excessive the favorable presumption attending the jury's verdict is thereby strengthened. International Union, etc. v. Palmer, 267 Ala. 683, 104 So.2d 691; Birmingham Electric Co. v. Howard, 250 Ala. 421, 34 So.2d 830.

Guided by these principles, but, without detailing all the evidence and medical testimony relating to injuries to appellant's person, suffice it to say that the verdict finds firm support in the evidence. The element of pain and suffering, and the element of punitive damages are both highly discretionary with the jury as to the evidentiary weight to be accorded thereto, and we of course may not substitute our judgment for that of the jury. The evidence clearly authorized awards for those elements of damage, and we are not prepared to say the trial court erred in refusing to set aside the verdict as excessive.

We are, therefore, at the conclusion that no reversible error is made to appear.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.