255 So.2d 581

**Harvey Sherman MYERS and Dairy
Fresh Corporation**

v.

**Theodore EVANS.**

**1 Div. 637.**

Supreme Court of Alabama.

Dec. 2, 1971.

Rehearing Denied Dec. 30, 1971.

Fred F. Smith, Jr., Prichard, and John-
ston, Johnston & Kendall, Mobile, for ap-
pellants.

Cunningham, Bounds & Byrd, Mobile, for appellee.

BLOODWORTH, Justice.

This is an appeal by the defendants from a judgment for plaintiff rendered by the circuit court of Mobile County. Suit for damages was filed by plaintiff-appellee Theodore Evans against defendants-appellants Harvey Sherman Myers and Dairy Fresh Corporation alleging negligence and wantonness arising out of an automobile accident in Clarke County. There was a verdict and judgment for $22,000 for appellee Evans. Both Myers and Dairy Fresh appeal.

There are two questions presented by this appeal. The first is whether there was

sufficient evidence of wantonness to submit that question to the jury. The second is whether certain testimony given in a deposition by appellee's examining physician was properly excluded. We are of the opinion that both of these questions must be answered in the affirmative and that the decision of the trial court should be affirmed.

In Rosen v. Lawson, 281 Ala. 351, 356, 202 So.2d 716, 720 (1967), this court held that,

"* * * in considering the sufficiency of the evidence of wantonness to be submitted to the jury, this court must accept the adduced evidence most favorable to the plaintiff as true, and indulge such reasonable inferences as the jury was free to draw from the evidence. English v. Jacobs, 263 Ala. 376, 82 So.2d 542; McNickle v. Stripling, 259 Ala. 576, 67 So.2d 832. * * *"

When taken most favorably to the appellee, the facts in this case are as follows. Before dawn on the morning of October 21, 1967, a two-vehicle accident occurred on Highway 43 just north of Grove Hill, Alabama, in Clarke County. The terrain in this area is hilly and the accident occurred some 300 feet north of the crest of a steep hill. Shortly afterwards, Alabama State Trooper Marshall Dannelly arrived at the scene and proceeded to investigate the accident. The appellee, Theodore Evans, approached from the north, stopped at the scene, and parked his pickup truck on the west side of the highway completely off the road. At this time the appellant Myers approached from the south driving a fully loaded milk truck. Myers acknowledged that he was familiar with the road and knew it to be a dangerous area of limited visibility. He acknowledged that his lights were on dim because his bright lights were not properly adjusted. Appellant Myers was driving five miles per hour over the speed limit. Trooper Dannelly testified that, in his opinion, the reflection from the revolving blue light atop his patrol car would be visible from the top of the hill to the south of the hill below which the accident occurred. When appellant Myers crested the hill above the scene of the accident his attention was first attracted to the patrol car parked to his left. He testified that he took his eyes off the road ahead and glanced over at the patrol car. He says he assumed a driver was being given a traffic ticket. When he looked back at the road he saw two men directly in his path. One was Trooper Dannelly and the other was Clifford Lucy, a passenger in one of the cars involved in the first accident. Appellant Myers' truck first struck Trooper Dannelly injuring him, then struck and killed Lucy. The truck then skidded 111 feet, collided with appellee's truck, skidded another 51 feet and turned over before coming to rest. Appellee was still in his pickup truck when the collision occurred and suffered various injuries to his head, neck and back.

Appellee's amended complaint consisted of two counts. The first count charged negligence, the second count charged wantonness. At the conclusion of the case, appellants requested the affirmative charge in writing with respect to the wanton count. The trial court refused to give the charge and this is assigned as error. Appellants also assign as error denial of motion for new trial.

It is a well settled proposition of law in this State that,

"* * * Where from the evidence a reasonable inference may be drawn adverse to the party requesting the affirmative charge, the charge is properly refused. Aircraft Sales & Service v. Gantt, 255 Ala. 508, 52 So.2d 388." Rosen v. Lawson, supra, 281 Ala. at p. 356, 202 So.2d at p. 720. Also, see 18A Ala. Dig., Trial, ⊕142.

The following is equally well established:

"The rule in this state is that in civil cases the question must go to the jury if the evidence or the reasonable inferences therefrom furnish a mere gleam, glim-

mer, spark, the least bit, the smallest trace, a scintilla, in support of the theory of the complaint.—Lankford v. Mong, 283 Ala. 24, 214 So.2d 301, and cases cited * * *. * * *" Union Central Life Insurance Company v. Scott, 286 Ala. 10, 13, 236 So.2d 328, 332 (1970).

"Wantonness has been defined as the conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty injury will likely or probably result. * *" Graves v. Wildsmith, 278 Ala. 228, 231, 177 So.2d 448, 451 (1965); Britton v. Doehring, 286 Ala. 498, 502, 242 So.2d 666, 669 (1970); Alabama Great Southern R. Co. v. Johnston, 281 Ala. 140, 149, 199 So.2d 840, 848 (1967).

"Wantonness may arise from knowledge that persons, though not seen, are likely to be in a position of danger, and with conscious disregard of known conditions of danger and in violation of law brings on the disaster. * * *" Lewis v. Zell, 279 Ala. 33, 36, 181 So.2d 101, 104 (1965); Blount Bros. Construction Co. v. Rose, 274 Ala. 429, 437, 149 So.2d 821, 830 (1962). 15 Ala.Dig., Negligence, ⬦11.

"It has also been said that knowledge need not be shown by direct proof but may be shown by adducing facts from which knowledge is a legitimate inference. * *" Britton v. Doehring, supra, 286 Ala. at p. 502, 242 So.2d at p. 669.

We are of the opinion that the evidence, and reasonable inferences therefrom, in this case are sufficient on the issue of wantonness to satisfy the scintilla rule. Taking the tendencies of the evidence most favorable to appellee, the jury could conclude that appellant Myers: (1) knew that he was entering a dangerous area of hills, gullies, and limited visibility; (2) knew that he was deprived of the additional visibility of his bright lights; (3) knew as soon as he saw the patrol car's emergency light or its reflection that there was a traffic mishap or traffic violation ahead;

(4) nevertheless, in spite of such knowledge, and with conscious disregard of the likelihood of injuring others, he entered the area at a rate of speed in excess of the speed limit; then, (5) consciously and intentionally took his eyes off the road immediately ahead to look at the patrol car on the left of the highway. We therefore conclude that appellant's request for the affirmative charge was properly refused.

██ We think that appellants' motion for new trial was properly denied. In the light of our conclusion that the trial court properly submitted the issue of wantonness to the jury, the damages awarded do not appear to be excessive. Even were our opinion otherwise, however, the authority of this court to disturb a verdict on the grounds of excessiveness should be exercised with great caution and a case should not be reversed merely because in the opinion of this court the jury gave too little or too much. Carlisle v. Miller, 275 Ala. 440, 444, 155 So.2d 689 (1963). We are unwilling, as we have observed in the past, to substitute our judgment for that of the trier of the facts.

Title 7, § 276, Code of Alabama 1940, provides that a new trial may be granted where the "decision is not sustained by the great preponderance of the evidence." But, this court has held:

"Verdicts are presumed to be correct and no ground of a new trial is more carefully scrutinized or more rigidly limited than that the verdict is against the weight of the evidence; and when the presiding judge refuses to grant a new trial, the presumption in favor of the correctness of the verdict is strengthened. Mobile City Lines Inc. v. Hardy, 264 Ala. 247, 86 So.2d 393. * * *" Southern Apartments, Inc. v. Emmett, 269 Ala. 584, 588, 114 So.2d 453, 456 (1959).

In Kurn v. Counts, 247 Ala. 129, 133, 22 So.2d 725, 728 (1945), this court said:

" * * * It must so greatly preponderate as clearly to convince us that the

verdict is wrong and unjust, contrary to the opinion of the trial judge in denying the motion for a new trial.

"The general rule in that respect, when the trial judge refuses to grant a new trial on that ground, is that 'where there was evidence which if believed justified the verdict, motion for a new trial was properly overruled.' Johnson v. Louisville & Nashville R. R. Co., 240 Ala. 219(12), 198 So. 350, 351; Nashville, C. & St. L. Rwy. Co. v. Prince, 212 Ala. 499, 103 So. 463; 15 Ala.Dig., New Trial, ☜70, 71."

We have already pronounced our opinion that the issue of wantonness in this case was properly submitted to the jury and we cannot say that the evidence so greatly preponderates against the jury's verdict as to convince us the verdict was wrong and unjust so as to require a new trial.

■ The next issue concerns the sustaining by the trial court of an objection to a certain answer given by Dr. Kimbrough, the physician who treated appellee following the accident. Prior to the trial, the deposition of Dr. Kimbrough was taken by counsel for appellee. During the course of his testimony the following question was asked:

"Q. * * * do you have an opinion as to whether or not the neckache and backache that Theodore complained of to you in November was probably caused by the accident he was injured in in late October of 1967?"

The answer was as follows:

"A. * * * can I answer questions perfectly honestly? You see me jumping about. I think Theodore is riding injuries. I think he is injury prone. Every time I have seen him he has got a different complaint; he has just been hurt, and this has been going on since 1965, and to get right down to it, this is the reason I have gotten so many different people to see him, to be sure that I wasn't missing the forest for the trees.

I think if Theodore wanted to go to work he could have gone to work. That may not be good testimony, but * * *."

There was no objection to the answer at the time the deposition was taken. At the trial, appellee introduced portions of Dr. Kimbrough's deposition into testimony, but omitted the above answer. When appellants attempted to introduce this answer, appellee objected on grounds that the answer was unresponsive to the question. Attorney for appellee stated, among other things, viz.:

"MR. BYRD: My objection to that question is that it calls for either a yes or a no answer, do you have an opinion and instead of giving a direct answer, the doctor gives irresponsive information just what his opinion was, which of course would be the next question after ascertaining that he did have an opinion. We object to that answer as not being responsive to the question."

The trial court sustained the objection and excluded the testimony. Appellants contend that this ruling constitutes reversible error because the answer was not unresponsive. They argue the answer reflects the doctor's opinion that appellee was malingering, which by implication includes an opinion that appellee's complaints were not caused by the accident.

We consider the answer to be unresponsive. The question asked was whether in the doctor's opinion the injuries complained of were caused by the accident. The answer, however, contained three separate responses: (1) that appellee was injury prone; that he had a new complaint every time the doctor had seen him since 1965; (2) that the doctor thought appellee was riding his injuries and had gotten various other doctors to see him to make sure that he wasn't overlooking something; (3) that appellee could have gone to work if he wanted to.

None of these responses constitute an answer to the question as to whether appellee's complaints were caused by the acci-

dent. Rather than giving any indication of the cause of injury, the answer was directed to appellee's medical history, the authenticity of his injuries, and the time required for recovery.

We are mindful of the contention of appellants that an answer is not unresponsive merely because an extensive answer was given when a negative or affirmative response would have been adequate. However, the defect of this answer lies, not in the fact that it was more extensive than the question contemplated, but that in fact, it actually fails to answer the question asked. There is nothing in the answer from which it can be unmistakenly concluded that, in the doctor's opinion, the injuries either were or were not caused by the accident.

Appellants contend, in the alternative, that even if the answer was unresponsive, the failure of appellee to object at the time the deposition was taken waived his right to object at trial. Appellee contends that the stipulation entered into by the parties before the taking of the deposition eliminated the necessity of objecting during the deposition and preserved his right to object at the trial.

This stipulation was never introduced into evidence but it is apparent from the record that it was before the trial court and was considered by the court when it made its ruling on this question. The trial court concluded that under the terms of the stipulation, appellee could object to the answer at trial even though he had not objected at the time the deposition was taken. The trial court stated its conclusion as follows:

"THE COURT: The Court is going to rule that under the stipulation in the taking of the deposition that the Court is going to rule that they can object on the grounds that the answer was not responsive to the question. * * *"

In United Insurance Company of America v. Ray, 271 Ala. 543, 547, 125 So.2d 704, 707 (1960), this court held:

"Where it is apparent from the record that the trial court had before it evidence omitted from the record, it will be conclusively presumed that such evidence would sustain the trial court's findings. Local No. 157, etc. v. Local No. 4202, 266 Ala. 354, 96 So.2d 297; Williams v. Clark, 263 Ala. 228, 82 So.2d 295. * * *"

Since the record clearly indicates that the trial court based its ruling on a stipulation which was before the trial court, but was not introduced into evidence and is not before us, we must presume, on this appeal, that the terms of the stipulation justified the trial court's ruling that the objection was not waived. United Insurance Company of America v. Ray, supra.

Further, we are of the opinion that the exclusion of Dr. Kimbrough's testimony was, if error, harmless error, because his answer was substantially covered by his previous testimony. He testified extensively as to the nature and character of appellee's injuries. He also testified as to all the other complaints which appellee had made to him since he first saw him in 1965. He testified as to other physicians to whom he had referred appellee and the results of their findings. In addition, his testimony was that appellee should go back to work as soon as he could and that he could have gone to work in three months. There is even a reference to "riding his injuries" in a Dr. Russell's diagnosis to the effect that appellee "still feigned weakness of grip bilaterally," which was related by Dr. Kimbrough in his deposition.

We conclude that the trial court did not err in refusing the affirmative charge, denying motion for new trial, or in excluding Dr. Kimbrough's answer. The judgment must accordingly be affirmed.

Affirmed.

LAWSON, COLEMAN and McCALL, JJ., concur.

HEFLIN, C. J., concurs in the result.