SHORES, Justice.
Nix was injured when his motorcycle collided with Mrs. Wells’ automobile. He filed suit claiming damages and charging Mrs. Wells with negligence and wantonness in the operation of the automobile. The case was tried to a jury which returned a verdict in favor of Mrs. Wells. The trial court denied Nix’ motion for new trial. He appealed. We affirm.
Nix was traveling east on a four-lane highway, and Mrs. Wells was traveling west. Mrs. Wells made a left turn, crossing the eastbound lane; and Nix’ motorcycle struck the right rear fender of the Wells’ automobile. According to Nix, Mrs. Wells made a left turn right in front of him. Mrs. Wells and other witnesses testified that Nix was not within Mrs. Wells’ view when she made the turn; that she had completed the turn into a parking lot and had stopped to permit a pedestrian to pass in front of her; and that only a very small *338 part of the rear of her automobile was still in the highway. Mrs. Wells testified she did not see Nix until after his motorcycle struck her car. Others testified that Nix veered to the right and into the Wells’ automobile.
The evidence was in sharp conflict. Therefore, the trial judge properly submitted the issues to the jury. On appeal, Nix argues that the trial court erred in refusing to grant a new trial. We cannot agree. Having read the record, we agree with the trial court that there is evidence to support the jury’s verdict. The issues were clearly drawn and the jury was appropriately charged. It resolved the issues in favor of the defendant. There was evidence to support the verdict. Therefore, we should not reverse the trial court in refusing to grant a new trial. To do that, we must be convinced by the preponderance of the evidence that the verdict is wrong and unjust. § 12-13-11, 1975 Code; Edmondson v. Blakey, 341 So.2d 481 (Ala. 1976); Myers v. Evans, 287 Ala. 710, 255 So.2d 581 (Ala.1971).
Nix’ only other argument is based upon his assertion that counsel for Wells made various remarks throughout the trial which he contends tended to prejudice the jury against him. We need note only that, inasmuch as no objection was made by Nix to any remarks during the course of the trial, the record presents nothing for our review. Daughtry v. Western Ry. of Alabama, 341 So.2d 702 (Ala.1977).
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.