Van and Marilyn Johnson, appellants, brought suit to cancel, because of fraud, a contract which they had entered into with Thomas Cleveland. Cleveland counterclaimed against the Johnsons for damages for breach of the contract and for conversion.
The case was tried in the circuit court without a jury, and judgment was entered denying all claims. Motion for new trial was overruled. This appeal only concerns the claim of the Johnsons.
In April of 1981 the Johnsons contracted in writing to purchase a grocery store in Belgreen, Alabama, from Cleveland. Gasoline pumps and tanks associated with the grocery store were located on property owned or claimed by other parties, and the Johnsons were unable to obtain liability insurance to cover the exposure created by the use of the pumps and tanks.
Van Johnson testified that he asked Cleveland if he had insurance to cover the items and Cleveland responded in the affirmative. Cleveland denied that he told Johnson that he had insurance. Johnson testified that he entered into the contract relying on Cleveland's statements regarding insurance.
The judgment entered by the trial court did not contain findings of fact. In the absence of specific findings of fact, this *Page 1258 
Court will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous and against the great weight and preponderance of the evidence. In addition, a strong presumption of correctness is indulged in favor of the trial court regarding its ruling on a motion for new trial. AlabamaFarm Bureau Mut. Cas. Ins. Co. v. Moore, 435 So.2d 712 (Ala. 1983).
There is ample evidence to support a finding that fraud did not attend the negotiations. In addition to Cleveland's denial of any statement concerning insurance, Johnson testified that neither he nor Cleveland owned the tanks and pumps. They were owned by Sibley Oil Company. He further testified that Cleveland never represented that he owned more than the 36-by 40-foot lot on which the building stood, which lot was described in the written contract. It is a cardinal principle that, where testimony is presented ore tenus, the findings of the trial court will be sustained unless they are clearly and palpably wrong or without supporting evidence, or are manifestly unjust. Sterling Oil of Oklahoma v. Pack, 291 Ala. 727, 287 So.2d 847 (1973).
The judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.