ALMON, Justice.
Metals, Inc., the appellant, brought suit against James Jones for conversion and wrongful detention of a piece of equipment known as a baler. This is a machine used to compress or compact cardboard, aluminum, or other trash into different sizes. The trial court, sitting without a jury, entered judgment in favor of Jones. From that judgment Metals brings this appeal.
Jones testified that in early April 1981, he received a telephone call from Sandy, an employee of Metals, asking him to go to Buford, Georgia, and pick up a baler from a Winn-Dixie store. Sandy instructed him to bring the baler back to Birmingham, Alabama, put it in storage, and telephone her so she could have a truck pick it up in a few days. Jones testified that he picked up the baler as instructed, stored it at Selfs warehouse in Pelham, Alabama, where he had previously stored a baler on behalf of Metals, telephoned Sandy on the toll-free number she had given him, and told her where the baler was located and how to get there. The invoice dated April 17, 1981, states “[pjicked up baler in Buford, Ga. and transported to B’ham., Ala. Baler now in storage.” Jones was paid in full for this work on May 18, 1981.
On June 6, 1981, Jones did some repair work on a baler for metals. The invoice shows that this work was done in Buford, Georgia. Jones testified that the notation that the work was done in Buford is incorrect. The invoice also shows that the work was done within a 50-mile radius of Birmingham. Jones testified that he was certain that this June repair work was not done on the baler he picked up in Buford in early April because the two balers had different problems, they were different models and he remembered he did not do any. repairs on the baler he picked up in April.
On June 9, 1981, Jones received a letter from Self informing him that the baler he had put in storage in early April had not been picked up. Jones testified that he called Sandy and told her the baler was still at Selfs and that he knew someone who was interested in purchasing the baler. Jones testified that Sandy called back the next day with a price which was too high, so the sale did not take place.
Cyrus Franklin Watson, vice-president of marketing for Metals, testified that prior to February 1983, Jones had never told Metals where the baler was located. Metals sent an invoice to Jones on August 26, 1982, for the value of the baler. On November 19, 1982, Metals had their attorney write Jones with regard to the baler. Jones testified that he did not receive the invoice or the letter. Watson testified that after numerous unsuccessful attempts, Doug Daniels, president of Metals, contacted Jones in February 1983, by phone. In response to questions as to the whereabouts of the baler, Jones responded that he would see what he could find out. Jones later told Daniels that he heard there had been a fire at Selfs and that the baler could have been destroyed.
At the close of the evidence the trial judge, sitting without a jury, entered a judgment in favor of Jones and against *156 Metals on the grounds that Metals failed in the proof of their case.
The judgment entered by the trial court did not contain findings of fact. In the absence of specific findings of fact, this Court will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous and against the great weight and preponderance of the evidence. Johnson v. Cleveland, 460 So.2d 1257 (Ala.1984).
There is ample evidence to support a finding that Jones fully complied with the terms of the oral contract and therefore did not convert or wrongfully detain the baler. Although there was conflicting evidence, the record would support a finding that Jones notified Metals that the baler was at Selfs warehouse. Jones testified that he gave Metals the location of Self’s. The evidence supports a finding that Jones did not do any repair work on the baler in question after it was put in storage at Self’s. The bailment contract was completed when the baler was stored at Self’s and Metals was notified of its location. Where testimony is presented ore tenus, the findings of the trial court will be sustained unless they are clearly and palpably wrong or without supporting evidence, or are manifestly unjust. Johnson v. Cleveland, supra.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.