WRIGHT, Presiding Judge.
This appeal is from a judgment of the Circuit Court of DeKalb County, which denied Macklyn Gray’s motion for a new trial and, in the alternative, his motion for an additur increasing the jury award. Gray argues on appeal that the trial court erred when it refused to grant a new trial or, in the alternative, to enter an additur increasing the award when the verdict was inconsistent, insufficient and contrary to the law and facts.
In January 1982 Macklyn Gray (Gray) mailed to Commodity International Corporation (Commodity) an advertisement post card which he discovered in a nationwide publication. Gray then began receiving phone calls, investment publications and requests to invest in commodities from Commodity. In January 1982, a general commodities agreement was executed between Gray and Commodity. Assurances and promises of large profits were made to Gray by Commodity. Gray sent Commodity $6,500 in January to invest in a commodities pool. An additional $4,500 was sent in March 1982. Gray was charged a management fee of $2,500 on the $6,500 investment and a fee of $2,000 on the $4,500 investment.
In February 1983 Gray sought advice from an attorney about his investment. The attorney advised him to sue Commodity for fraud and breach of contract. Gray filed suit, claiming an out-of-pocket loss of $9,500. He also requested that Commodity close out his account and return any unused funds. Seven months later Commodity responded with a check for $1,188.05 and with a letter confirming the closing of Gray’s account.
A jury trial was held on the suit in August 1984. The jury returned a verdict in favor of Gray and assessed his damages at $5,000. Gray, not satisfied with these damages, then filed a motion for a new trial and, alternatively, a motion for additur, which were denied by the trial court.
The trial court did not err when it refused to enter an additur increasing the award to Gray. In W.T. Rawleigh Co. v. Hannon, 32 Ala.App. 147, 22 So.2d 603 (1945), the court stated:
“In the absence of an agreement by the plaintiff in case of a remittitur and the defendant in case of additur, the court is not permitted to force the alteration of the amount found by the verdict of the jury but in which event may grant a motion for new trial.”
The motion for additur was made by the plaintiff, Gray, in this case, and there was no consent given to the additur by the defendant, Commodity. The trial court therefore lacked the authority to alter the verdict of the jury.
The denial of Gray’s motions for a new trial was proper. The disturbance of a jury verdict by the courts on grounds of inadequacy is one which should be exercised with great care. Carlisle v. Miller, 275 Ala. 440, 155 So.2d 689 (1963). A jury’s verdict will not be disturbed on ap *453 peal, unless it is grossly inadequate or excessive or where the court can' clearly see that the verdict has been reached because of bias, prejudice, passion, corruption, or other improper motive. Stauffer Chemical Co. v. Buckalew, 456 So.2d 778 (Ala.1984), Carlisle v. Miller, supra.
The decision of whether to grant or refuse a motion for a new trial is a matter resting largely in the discretion of the trial court, Johnson v. Hodge, 291 Ala. 142, 279 So.2d 123 (1978), and the exercise of this discretion carries with it a strong presumption of correctness. Johnson v. Cleveland, 460 So.2d 1257 (Ala.1984). A trial court’s denial of a motion for a new trial will not be reversed if supported by the evidence unless it is plainly and palpably wrong. Jones v. Casey, 445 So.2d 873 (Ala.1983).
The record reveals that there was no abuse of discretion nor plain and palpable error. There is no dispute that Gray invested $11,000 with Commodity. However, there is evidence which suggests that Gray understood that a management fee of $4,500 was charged to his account and that he could lose a substantial portion or all of his initial investment. The record also reveals that Gray received $1,188.05 from Commodity, which closed out his account. From this evidence the jury’s verdict appears reasonable and not grossly inadequate.
Finding adequate evidence to support the jury’s verdict, we affirm the judgment.
AFFIRMED.
BRADLEY and HOLMES, JJ„ concur.