I would not affirm the trial court's judgment granting remittitur on the record presented in this case. In cases such as this, where the amount of damages is within the sound discretion of the jury, a remittitur should be granted only "where the court can clearly see that the verdict has been reached on account of bias, passion, prejudice, corruption, or other improper motive or cause." Carlisle v. Miller, 275 Ala. 440,444, 155 So.2d 689, 692 (1963); Caterpillar Tractor Co. v.Ford, 406 So.2d 854 (Ala. 1981). The trial court, in its order granting remittitur or new trial, made no such finding of bias or passion; indeed, it made no findings to support this portion of its judgment at all.
This Court, in addressing the issue of remittitur of large punitive damages verdicts, should develop standards by which motions for remittitur or new trial should be decided. The Court has affirmed judgments on large verdicts with substantial punitive damages components. Without standards, there is no objective way of determining when a verdict has been influenced by bias or passion. The constitutional right to jury trial is then within the trial court's power, subject to review governed only by the vague criterion of "abuse of discretion."
The purposes of punitive damages is to punish and deter wrongdoing. The nature of the wrong and the wealth of the defendant are pertinent to the decision on the amount necessary to punish the wrongdoer. Because the jury should not consider the wealth of the defendant, it would be proper for the trial court to consider such matters in a post-trial hearing on the motion for new trial or remittitur. In such a situation, the burden would be on the party seeking to set aside the verdict to show why the damages were excessive and/or unreasonably punitive.
In the instant case, it is difficult to see by what standard the trial court granted the remittitur. This Court has allowed similar large verdicts to stand. Surely the wrong of knowingly designing a defective car is at least as great as the wrong of a bad faith refusal to pay an insurance claim. The plaintiffs' children were killed in this crash, whereas the plaintiffs in bad faith cases suffer less cataclysmic wrongs. General Motors is one of the largest corporations in the world, and surely an amount appropriate to punish its wrongdoing is no less than an amount necessary to punish a large insurance company.
I make these remarks only as general observations. Because the majority of the Court does not agree with me that in this case we should begin the process of establishing standards, I have not done the extensive research necessary to that task. The jury awarded damages commensurate with damages which we have affirmed in other cases. If we are now deciding that those damages are too high, we should do so in a reasoned manner. Absent such a determination, I would reverse that portion of the judgment granting remittitur.
FAULKNER and JONES, JJ., concur. *Page 1201