Plaintiff appeals from a judgment for defendant Frank Hunter entered pursuant *Page 152 
to a verdict directed by the Circuit Court of Tuscaloosa County. The plaintiff, Paul B. Weatherly, Sr., filed a complaint against Christy LaShan White and Frank Hunter, charging that the defendants caused personal injury to Weatherly by their combined and concurring negligence or wantonness. The plaintiff reached a settlement with White prior to trial, and his claim against Hunter was tried before a jury. After all evidence had been heard, the trial court directed a verdict for defendant Hunter on the plaintiff's wantonness claim. The jury returned a verdict in favor of defendant Hunter on the plaintiff's negligence claim. The plaintiff argues that the trial court erred by directing a verdict for the defendant on the claim of wantonness and in denying his motion for a new trial. We reverse the judgment of the trial court.
The facts reveal that Weatherly was involved in two automobile accidents on May 6, 1983; the first, a collision with a vehicle driven by Christy LaShan White, and the second, moments later, when Weatherly's truck was struck by a truck driven by defendant Frank Hunter. After the collision with White, Weatherly's truck was stopped while both White and Weatherly waited for the police to arrive. Hunter, who was traveling east on Skyland Boulevard in Tuscaloosa at approximately 40 miles per hour, looked to his left at the White vehicle, which was wrecked and stopped on the median. When he looked back to the roadway, he testified, he saw the Weatherly truck stopped off the roadway but saw that the rear corner of the vehicle extended two to two-and-one-half feet onto Skyland Boulevard. Hunter's truck struck the left rear corner of Weatherly's truck, and Weatherly alleges that he was injured when he dove out of the path of Hunter's truck to avoid being struck. Weatherly claimed that no part of his truck was on the roadway at the time it was struck by Hunter's truck.
This Court has held previously:
 "Wanton conduct" is the doing of some act or something with reckless indifference to the consequences of said act, or it is a failure or omission to do something, with reckless indifference to the consequences of such failure or omission, that is, that the party acting or failing to act is conscious of his conduct, and even though without any actual intent to injure is aware from his knowledge of existing circumstances and conditions that his conduct would probably result in injury to another or in damage to his property.
W.T. Ratliff Co. v. Purvis, 292 Ala. 171, 291 So.2d 289 (1974). The appellant alleges that Mr. Hunter knowingly entered an area of Skyland Boulevard with an awareness that a wreck had occurred. Testimony was presented at trial that Mr. Hunter turned to look at Ms. White's damaged automobile which was stopped on the median of Skyland Boulevard after her collision with the appellant. When his attention returned to the roadway ahead of him, Mr. Hunter testified, he was too near to the Weatherly vehicle to avoid a collision. He testified that he did not swerve left because he feared he might hit a car traveling in the left lane of the divided highway. Hunter asserted the affirmative defense that Weatherly was contributorily negligent in leaving his truck parked partially on the roadway, an allegation Weatherly denied. The jury returned a verdict for Hunter on Weatherly's allegation of negligence.
We are asked here to rule that the trial court erred in directing a verdict for defendant Hunter on the allegation of wantonness. Weatherly argues that Hunter was familiar with Skyland Boulevard; knew that it was a busy roadway; failed to keep a proper lookout when he looked back at the vehicle in the median just moments before the collision; and, by failing to give proper regard to a potentially dangerous situation, knowingly violated his duty to operate his truck in a safe manner. Weatherly also cites Culpepper Stone Plumbing Heating Co. v. Turner, 276 Ala. 359, 162 So.2d 455 (1964);Myers v. Evans, 287 Ala. 710, 255 So.2d 581 (1971); and Sparksv. Milligan, 295 Ala. 358, 330 So.2d 417 (1976), as being factually similar to the present case. Although we find that the factual situations in these cases are inapposite to the facts in the present case, *Page 153 
we conclude that a scintilla of evidence exists on the issue of wantonness.
The standard of review to be used in determining the appropriateness of a directed verdict is well established:
 Rule 50(e) of the Alabama Rules of Civil Procedure provides that motions for directed verdicts and judgment notwithstanding the verdict shall be decided in accordance with the scintilla evidence rule. This court has stated on numerous occasions that in civil cases, a question of fact must go to the jury, if the evidence, or any reasonable inference therefrom, furnishes a mere gleam, glimmer, spark, or a scintilla in support of the theory of the complaint. Western Ry. of Alabama v. Still, 352 So.2d 1092 (Ala. 1977); Kilcrease v. Harris, 288 Ala. 245, 259 So.2d 797
(1972) and cases cited therein. Furthermore, where a directed verdict is requested, the entire evidence must be viewed in a light favorable to the party opposing the motion. It is only where the facts are such that reasonable men must draw the same conclusion from them that the question is considered as one of law for the court. When a reasonable inference may be drawn, which is adverse to the party requesting the motion, the motion should be refused. Alford v. City of Gadsden, 349 So.2d 1132 (Ala. 1977).
Draughon v. General Fin. Credit Corp., 362 So.2d 880, 883-84
(Ala. 1978). Viewing the evidence in a light most favorable to the appellant, we hold that a scintilla of evidence arguably exists to support the allegation of wantonness in the conduct of Mr. Hunter with regard to his collision with the appellant's truck.
We hold that the Circuit Court of Tuscaloosa County erred by directing a verdict for the defendant on the allegation of wantonness and in denying the plaintiff's motion for a new trial. We reverse the judgment for the defendant and remand for a new trial on the issue of wantonness. See Lynn StricklandSales Service, Inc. v. Aero Lane Fabricators, Inc.,510 So.2d 142 (Ala. 1987).
REVERSED AND REMANDED.
JONES, ALMON, SHORES, BEATTY and HOUSTON, JJ., concur.
MADDOX and STEAGALL, JJ., dissent.